1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GARY MINOR,

          Plaintiff,

   v.

FEDEX OFFICE & PRINT SERVICES, INC., et al.,

          Defendants.

Case No. 16-CV-00532-LHK

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Re: Dkt. Nos. 31, 33, 38

Plaintiff Gary Minor ("Plaintiff") filed this action pro se against Defendants FedEx Office and Print Services, Inc. ("FedEx Office"), Lance Freitas ("Freitas"), Federal Express Corporation ("Express"), and Gallagher Bassett Services, Inc. ("Gallagher") (collectively, "Defendants"). Before the Court are Defendants' three motions to dismiss. ECF Nos. 31 ("Gallagher Mot."); 33 (FedEx Office and Freitas Motion, or "Office Mot."); 38 ("Express Mot."). Having considered the parties' submissions, the record in this case, and the applicable law, the Court GRANTS Defendants' motions to dismiss.

# I.    BACKGROUND

## A.  Plaintiff's Employment and Termination

Plaintiff began working as a store manager for FedEx Office in September 2006. ECF

Nos. 6, 6-1 (collectively "Compl.") ¶ 11.  As a store manager, Plaintiff supervised other employees and performed other duties required to manage a store.  *Id*.  Around October 1, 2006, Plaintiff discovered that another store manager was altering employee timecards, so Plaintiff filed a complaint with management.  *Id*. ¶ 13.  Soon after, on October 19, 2006, Plaintiff was demoted to assistant manager.  *Id*. ¶ 14.  In January 2007, Plaintiff was transferred to a different location, and no longer held any duties as assistant manager.  *Id*. ¶ 15.

In February 2007, a store manager denied Plaintiff's request for medical leave to have surgery on Plaintiff's right hip.  *Id*. ¶ 16.  However, Plaintiff's condition worsened and in October 2007 Plaintiff began an approved Family Medical Leave Act ("FMLA") leave of absence to have a right hip replacement.  *Id*. ¶ 17.  Plaintiff underwent surgery in January 2008—a three-month delay allegedly attributable to FedEx Office.  *Id*. ¶ 17–18.

Plaintiff returned to work in April 2008 after learning that his position was in peril and his medical insurance had been cancelled, which prevented him from going to out-patient physical therapy.  *Id*. ¶¶ 20–21.  On May 29, 2008, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") for being denied reasonable accommodations related to Plaintiff's hip surgery.  *Id*. ¶ 35; FAC E-29 to -32 (Plaintiff's letter to the presiding judge in another federal court case discussing DFEH complaint).  The DFEH denied Plaintiff's claim on June 18, 2008.  Compl. ¶ 37.

Meanwhile, on May 24, 2008, Plaintiff tripped over a rubber floor mat at work and tore the meniscus in his left knee.  *Id*. ¶¶ 22, 24.  Together, Plaintiff's right hip replacement and torn meniscus limited Plaintiff's ability to work and rendered him disabled.  *Id*. ¶¶ 24, 49.  On June 18, 2008, Defendant Gallagher, FedEx Office's third party workers' compensation administrator, denied Plaintiff's claim for surgery on Plaintiff's knee.  *Id*. ¶ 36.

In July 2008, after additional visits to the doctor and another MRI, Plaintiff was placed on disability leave by his treating physician.  *Id*. ¶¶ 36, 39.  Plaintiff underwent knee surgery in November 2008 and returned to work in January 2009 despite not feeling ready to return.  *Id*. ¶¶ 40–41.  After Plaintiff's return to work, Defendant Freitas and Randy Leighton ("Leighton"),

2

store managers with FedEx Office, "knowingly made schedules where Plaintiff was left alone" in the store to complete shipments. *Id.* ¶ 59. This required Plaintiff to lift heavy boxes despite his knee injury. *Id.* ¶¶ 60, 62–63. According to Plaintiff, Freitas's and Leighton's actions "violated FedEx Corporate Team Member policies and rules for employees." *Id.* ¶ 58.

From January to December of 2009, Plaintiff sent over fifty emails to Gallagher and FedEx Office complaining of extreme pain and requesting further treatment, which were ignored. *Id.* ¶ 41. On December 17, 2009, Plaintiff used his own medical insurance for an MRI. *Id.* ¶ 69. The physician discovered permanent damage to Plaintiff's left knee and recommended a full knee replacement. *Id.* On April 13, 2010, Plaintiff filed retaliation and harassment complaints requesting another knee surgery with the DFEH, the U.S. Equal Employment Opportunity Commission ("EEOC"), and the Department of Industrial Relations ("DIR"). *Id.* ¶¶ 70, 83. It is not clear against whom these complaints were filed. Although Gallagher approved Plaintiff's claim and Plaintiff's selection of a treating surgeon on April 29, 2010, Plaintiff apparently used Plaintiff's own medical insurance for the surgery on September 13, 2010. *Id.* ¶¶ 71, 84.

Shortly after, in November 2010, Plaintiff wrote a letter to the California Attorney General complaining of discrimination and retaliation related to Plaintiffs' reporting of employee timecard editing and Plaintiff's knee injury. FAC E-62 to E-65. The California Attorney General directed Plaintiff to file his complaint with different agencies, including the DFEH. *Id.* E-60 to -61.

On February 25, 2011, FedEx Office terminated Plaintiff. Compl. ¶ 52. Following Plaintiff's termination, in 2011 and 2012, Plaintiff filed six complaints related to "retaliation, discrimination and harassment for filing a worker's [compensation claim] for a work related injury against sister company Federal Express Corporation" with the Workers' Compensation Appeals Board. *Id.* ¶¶ 74–75. The outcome of these complaints is unclear. Also in 2012, Plaintiff wrote a second letter to the California Attorney General complaining of discrimination and retaliation, FAC E-68 to -69, to which the California Attorney General again responded by referring Plaintiff to other state agencies, *id.* E-66 to -67. In 2013, Plaintiff wrote a third letter to the California Attorney General alleging that FedEx Office unlawfully underpays taxes and edits employee

United States District Court
Northern District of California

1    timecards.  *Id.* E-91 to -96.  For the third time, the California Attorney General directed Plaintiff to

2    other state agencies.  *Id.* E-87 to -89.  In 2015, Plaintiff apparently contacted the DIR regarding

3    tax and workers' compensation fraud by FedEx Office, which Plaintiff discovered through the

4    altered employee timecards.  *Id.* E-110 to -117 (emails sent to DIR).  In 2016, Plaintiff contacted

5    the Santa Clara County District Attorney, the California Attorney General, the California

6    Department of Insurance, and the DIR to report workers' compensation and tax fraud by FedEx

7    Office, Express, and Gallagher.  *Id.* E-120 to -123, E-128 to -129.

8            In addition to the administrative complaints and the instant lawsuit, Plaintiff has filed two

9    federal court cases regarding his employment with FedEx Office as discussed below.

10    **B.  2009 Class Action Suit and Settlement Agreement**

11            In 2009, Plaintiff was a Class Representative in a wage-and-hour class action against

12    FedEx Office before Judge Thelton E. Henderson of this Court (the "2009 Class Action").  *See*

13    ECF No. 34-7 (Second Amended Class Action Complaint); *Minor et al. v. FedEx Office & Print*

14    *Servs. Inc.*, Case No. 09-1375 (N.D. Cal.).  In that case, the Class claimed that FedEx Office failed

15    to pay overtime wages, provide meal periods, pay a minimum wage, keep accurate records, and

16    indemnify employees' expenses, among other allegations.  *See* ECF No. 34-7.  Although Express

17    was originally a defendant in the case, Plaintiff voluntarily dismissed Express without prejudice

18    after Plaintiff signed a stipulation in which Plaintiff admitted that FedEx Office—not Express—

19    was Plaintiff's employer.  *See* ECF No. 39-2 (Joint Stipulation).

20            The parties settled the 2009 Class Action in November 2012.  *See* ECF No. 53

21    ("Settlement Agreement").  Judge Henderson preliminarily approved the settlement agreement in

22    February 2013, ECF No. 34-10, and gave final approval in July 2013, FAC E-1 to -6.  As part of

23    the settlement, Plaintiff, as a Class Representative, received $5,000 in exchange for a limited

24    release of claims against FedEx Office.  *See* FAC E-1 to -6.  The limited release provision released

25    all of Plaintiff's claims except for five already-filed DFEH complaints.  *See* Settlement Agreement

26    § 2.13.

27            In 2014, Plaintiff filed a complaint against Class Counsel with the California State Bar.

28
Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1   *See* FAC E-43 to 44.  The State Bar closed Plaintiff's complaint after finding there was not

2   sufficient grounds to find that Class Counsel violated the law or the Rules of Professional

3   Conduct.  *Id.* E-52 to -57.

4   **C.  2013 Federal Lawsuit:** *Minor I*

5   On February 8, 2013, the same day the class action settlement agreement was preliminarily

6   approved by Judge Henderson, Plaintiff filed a lawsuit in Santa Clara County Superior Court

7   against Express and several Doe defendants.  *See* ECF No. 34-12; ECF No. 39-4.  In February

8   2014, Plaintiff substituted FedEx Office and FedEx Corporation for two Does as Defendants.

9   ECF No. 34-15.  Then, on March 6, 2014, Plaintiff voluntarily dismissed Express without

10  prejudice.  ECF No. 34-16.  On March 10, 2014, FedEx Office removed the case to federal court.

11  *See* ECF No. 39-7; *Minor v. FedEx Office and Print Services, Inc.*, Case No. 14-CV-01117-LHK

12  (N.D. Cal.) ("*Minor I*").

13  *Minor I* arose from Plaintiff's February 2011 termination and related events, including

14  FedEx Office's responses to Plaintiff's reporting of employee timecard violations and Plaintiff's

15  hip and knee injuries.  Plaintiff asserted claims for (1) discrimination on the basis of disability in

16  violation of California's Fair Employment and Housing Act ("FEHA") § 12946; (2) failure to

17  make reasonable accommodations in violation of FEHA § 12940(m); (3) failure to protect from

18  discrimination in violation of FEHA § 12940(k); (4) retaliation in violation of FEHA § 12940(h);

19  (5) failure to grant leave under the California Family Rights Act, FEHA § 12945.2; and (6)

20  wrongful termination in violation of public policy.  ECF No. 39-8 ("*Minor I* Compl.").

21  **1.  August 11, 2014 Order Granting Judgment on the Pleadings With Leave to Amend**

22

23  On August 11, 2014, this Court granted FedEx Office's motion for judgment on the

24  pleadings with leave to amend.  ECF No. 34-17.  First, the Court found that Plaintiff failed to

25  allege that he filed an administrative complaint after Plaintiff was terminated even though

26  Plaintiff's FEHA claims all stemmed from his February 2011 termination.  Accordingly, the Court

27  determined that Plaintiff failed to allege exhaustion of administrative remedies as required by

28

5

United States District Court
Northern District of California

FEHA § 12960 and dismissed Plaintiff's five FEHA claims with leave to amend.  *Id.* at 7–9.

Second, the Court concluded that the Settlement Agreement prohibited tort claims against FedEx Office and therefore facially barred Plaintiff's wrongful termination claim.  *Id.* at 9–10. However, the Court granted Plaintiff leave to amend to allege the existence of evidence that FedEx Office obtained Plaintiff's consent to the Settlement Agreement by fraud, deception, and/or misrepresentation.  *Id.* at 11.

Additionally, the Court ordered Plaintiff to clarify what role FedEx Corporation had in the allegedly wrongful conduct, as Plaintiff's complaint alleged that Plaintiff was employed solely by FedEx Office, not FedEx Corporation.  *Id.* at 4 n.1.  The Court warned Plaintiff that failure to cure all of these deficiencies would result in dismissal of Plaintiff's claims with prejudice.  *Id.* at 12. The Court also ordered Plaintiff not to add new causes of action or parties without leave of the Court or stipulation of the parties.  *Id.*

**2.   September 11, 2014 Order Granting Motion to Dismiss With Prejudice**

On September 11, 2014, Plaintiff filed a third amended complaint reasserting Plaintiff's claims against FedEx Office and FedEx Corporation and adding Express back into the lawsuit as a defendant.  *Minor I* Compl.  On January 16, 2015, the Court granted FedEx Office's motion to dismiss with prejudice.  ECF No. 34-19 ("*Minor I* Order").  The Court noted that the three FedEx companies—FedEx Corporation, FedEx Office, and Express—are distinct entities with FedEx Office and Express structured as wholly-owned subsidiaries of FedEx Corporation.  *Id.* at 8.  The Court dismissed FedEx Corporation with prejudice because Plaintiff's third amended complaint still failed to address what role, if any, FedEx Corporation played in the conduct at issue.  *Id.* at 9.

The Court also dismissed Plaintiff's claims against Express with prejudice because Plaintiff's claims could only be brought against Plaintiff's employer and Plaintiff had signed a stipulation in the 2009 Class Action that stated FedEx Office—not Express—was Plaintiff's employer.  *Id.* at 10.  Further, as noted above, Plaintiff had voluntarily dismissed Express while the case was pending in Santa Clara County Superior Court.  ECF No. 34-16.  Moreover, Plaintiff added Express to the third amended complaint without a stipulation or leave of the Court in

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1  violation of the Court's order granting judgment on the pleadings with leave to amend. *Minor I*

2  *Order* at 10.

3        Finally, the Court dismissed Plaintiff's six claims against FedEx Office with prejudice. As

4  to Plaintiff's five FEHA causes of action, the Court held that Plaintiff again failed to allege that

5  Plaintiff exhausted his administrative remedies even after the Court granted Plaintiff leave to

6  amend to cure that deficiency. *Id.* at 15. For the same reason, the Court also noted that the five

7  FEHA causes of action against Express would be legally precluded even if Express met the

8  definition of employer. *Id.* at 10.

9        As to Plaintiff's wrongful termination claim, the Court held that Plaintiff failed to allege

10  facts to show that FedEx Office obtained Plaintiff's consent to the release provision by fraud,

11  deception, or misrepresentation. *Id.* at 17. Thus, Plaintiff's wrongful termination claim was

12  facially barred by the class action Settlement Agreement. *Id.* Accordingly, the Court dismissed

13  Plaintiff's third amended complaint with prejudice.

14   **D. The Instant Lawsuit**

15        On December 29, 2015, Plaintiff filed a new lawsuit in Santa Clara County Superior Court

16  against Defendants. ECF Nos. 6, 6-1. As in *Minor I*, Plaintiff asserted five causes of action for

17  violations of FEHA §§ 12946, 12940(h), (k), (m), 12945.2, and one cause of action for wrongful

18  termination in violation of public policy. *Id.* In addition, Plaintiff added claims under "the

19  EEOC," the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, and California

20  Labor Code § 1102.5. *Id.*

21        On February 1, 2016, FedEx Office removed the case to federal court. ECF No. 1. On

22  February 8, 2016, FedEx Office, Freitas, and Express filed two motions to dismiss under Federal

23  Rule of Civil Procedure 12(b)(6). ECF Nos. 13 (Motion of Express); 15 (Motion of FedEx Office

24  and Freitas). In response to these motions to dismiss, Plaintiff filed a First Amended Complaint

25  ("FAC") on March 1, 2016. ECF No. 27. The FAC notes that Plaintiff "would like to amend the

26  original complaint by submitting federal court documents as supporting argument where the

27  defendant stated that this complaint filed is the same complaint filed in the Northern District Court

28  

7

United States District Court
Northern District of California

1   of California with Judge Lucy H. Koh—not true." *Id.* at 1.  While the caption of the FAC includes

2   four claims—disability discrimination in violation of "FEHA/EEOC," wrongful termination,

3   violation of California Labor Code § 1102.5, and retaliation—the FAC does not describe

4   Plaintiff's claims or include factual allegations.  Instead, the FAC consists of 11 exhibits,

5   including orders and filings from Plaintiff's prior lawsuits and communications between Plaintiff

6   and various California administrative agencies.  Because Defendants have each expressed

7   confusion over the contents and operability of the FAC, the Court addresses the FAC in more

8   detail in section IV.A of this order.

9        On March 9, 2016, Plaintiff submitted a motion "requesting approval for missed deadline

10  to file rely [sic]."  ECF No. 30.  After Plaintiff filed the motion to extend time, but before the

11  Court ruled, Defendants filed three new motions to dismiss the FAC and/or the original complaint.

12  *See* Gallagher Mot. (filed March 11, 2016); Office Mot. (filed March 14, 2016); Express Mot.

13  (filed March 16, 2016).  FedEx Office, Freitas, and Express also filed requests for judicial notice.

14  ECF No. 34; ECF No. 39.  On March 18, 2016, the Court interpreted Plaintiff's motion to extend

15  time as a request to excuse the untimeliness of the FAC, but denied the motion as moot because

16  Plaintiff's FAC was timely.  ECF No. 41.  The Court also denied as moot the two February 8,

17  2016 motions to dismiss the original complaint filed by FedEx Office, Freitas, and Express.  *Id.*

18       In March 2016, Plaintiff opposed the three new motions to dismiss.  ECF No. 45

19  (Opposition to Gallagher Mot., filed March 25, 2016); ECF No. 47 (Opposition to Office Mot.,

20  filed March 28, 2016); ECF No. 50 (Opposition to Express Mot., filed March 30, 2016).

21  Gallagher filed a reply on March 31, 2016.  ECF No. 48.  FedEx Office and Freitas filed a reply

22  on April 4, 2016.  ECF No. 54.  FedEx Office and Freitas also filed a notice of errata correcting an

23  exhibit in their March 14, 2016 request for judicial notice.  ECF No. 53.  Express filed a reply on

24  April 6, 2016.  ECF No. 56.  On April 18, 2016, Plaintiff filed a request for the Court to consider

25  the oppositions filed in response to the instant motions to dismiss.  ECF No. 69.

26  **II.     LEGAL STANDARD**

27      **A.  Rule 12(b)(6)**

28

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipsis in original). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay,

9

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.   JUDICIAL NOTICE

On a Rule 12(b)(6) motion, the Court generally may not look beyond the four corners of the complaint, with the exception of documents incorporated into the complaint by reference and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Proper subjects of judicial notice include court documents in the public record and documents filed in other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); records of administrative agencies, *see United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); and publically accessible websites, *see Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006).

In connection with the instant motion to dismiss, FedEx Office and Freitas request judicial notice of twenty-one documents, including (1) documents filed by the parties in the 2009 Class Action and *Minor I*; (2) court orders issued in the 2009 Class Action and *Minor I*; (3) complaints Plaintiff filed with various administrative agencies; and (4) case information from publicly available websites. ECF No. 34. On April 4, 2016, FedEx Office and Freitas filed a notice of errata and a complete version of Exhibit 8, the 2009 Class Action Settlement Agreement, because FedEx Office and Freitas had inadvertently omitted certain pages of the Settlement Agreement in their original request for judicial notice. ECF No. 53. Plaintiff does not oppose judicial notice of any documents and these documents are all appropriate subjects of judicial notice. *See Holder*, 305 F.3d at 866 (court documents); *14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d at

10

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1   955 (agency records); *Caldwell*, 2006 WL 618511, at *4 (publicly available websites).

2   Accordingly, the Court GRANTS FedEx Office's and Freitas's unopposed request for judicial

3   notice.

4          Similarly, Express requests judicial notice of ten documents, including (1) documents filed

5   by the parties in the 2009 Class Action and *Minor I*; (2) court orders issued in the 2009 Class

6   Action and *Minor I*; and (3) case information from publicly available websites.  ECF No. 39.

7   These ten documents are nearly identical in form and in kind to the documents provided by FedEx

8   Office and Freitas, and Plaintiff does not oppose judicial notice.  For the reasons outlined above,

9   the Court GRANTS Express's unopposed request for judicial notice.

10  **IV.    DISCUSSION**

11     **A.  Plaintiff's Claims**

12         As stated above, the FAC does not describe Plaintiff's claims or include any factual

13  allegations.  Instead, the FAC consists of 11 exhibits, including orders and filings from Plaintiff's

14  prior lawsuits and communications between Plaintiff and various California administrative

15  agencies.  Thus, as a preliminary matter, the Court will construe Plaintiff's claims as alleged in

16  Plaintiff's pleadings.  The Court acknowledges that Plaintiff's pleadings are not a model of clarity

17  and that Defendants are confused by these filings.  *See, e.g.*, Express Mot. at 5–6 ("[I]t is difficult

18  for [] Express to determine precisely what causes of action are asserted or how those causes of

19  action differ from those asserted in Plaintiff's initial [] [c]omplaint."); Gallagher Mot. at 2–3

20  (noting confusion); Office Mot. at 3, 8–9 (same).  From Defendants' statements and the Court's

21  review of the record, the Court identifies four issues in need of clarification: (1) Plaintiff's original

22  and amended complaints assert claims under the "EEOC" without identifying a relevant statute;

23  (2) the FAC contains no factual allegations or claims; (3) the caption of the complaint, the body of

24  the complaint, and the caption of the FAC are inconsistent; and (4) Plaintiff's oppositions attempt

25  to raise a seemingly new claim and new allegations.  When addressing these issues, the Court is

26  mindful that "courts must construe pro se pleadings liberally."  *See Resnick v. Hayes*, 213 F.3d

27  443, 447 (9th Cir. 2000).

28

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    First, in response to Plaintiff's claims brought under "the EEOC," the Court notes that the

2    EEOC is not a federal law.  Rather, the EEOC is a federal agency "responsible for enforcing

3    federal laws that make it illegal to discriminate against . . . an employee because of the person's

4    . . . disability."  *Overview*, U.S. Equal Employment Opportunity Commission,

5    http://www.eeoc.gov/eeoc/ (last visited Apr. 25, 2016).  Thus, Plaintiff cannot assert claims under

6    "the EEOC."  However, the ADA is among the federal laws under the EEOC's purview.  Plaintiff

7    cites the ADA with regard to some of the claims in the complaint and all of Plaintiff's "EEOC"

8    claims sound in discrimination.  Construing Plaintiff's pleadings liberally, it appears to the Court

9    that when Plaintiff references the EEOC, Plaintiff intends to state a claim under the ADA.  *See*

10   Compl. ¶¶ 55–94 (second, third, fourth, and fifth causes of action).

11   Second, Defendants disagree as to whether the FAC incorporates Plaintiff's original

12   complaint.  Gallagher, for example, references the allegations that Plaintiff asserts in the original

13   complaint and notes that the FAC "does not amend these basic factual allegations."  Gallagher

14   Mot. at 2 n.1.  On the other hand, Express's motion focuses on the four claims in the caption of the

15   FAC and notes that the FAC "does not include any factual allegations supporting [Plaintiff's]

16   claims."  Express Mot. at 6.  In turn, FedEx Office and Freitas argue that the FAC "supersedes

17   [Plaintiff's] original [c]omplaint" and does not allege any claims.  Office Mot. at 11.  In the

18   alternative, however, FedEx Office and Freitas move to dismiss both the FAC and the original

19   complaint in anticipation of the Court finding that the FAC supplements and does not supersede

20   the original complaint.  *Id.* at 4 n.5, 9, 11.

21   As FedEx Office and Freitas point out, as a general rule "an amended pleading supersedes

22   the original pleading and renders it of no legal effect, unless the amended complaint incorporates

23   by reference portions of the prior pleading."  *Williams v. Cty. of Alameda*, 26 F. Supp. 3d. 925,

24   936 (N.D. Cal. 2014).  However, as all Defendants point out, the FAC includes no factual

25   allegations or claims and thus is not really in the form of a pleading.  Nevertheless, the FAC is

26   clearly labeled an amended complaint; states that Plaintiff "would like to amend the original

27   complaint by submitting federal court documents as supporting argument"; includes a caption with

28

United States District Court
Northern District of California

12

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1    claims listed; and states "all complaint damages from original complaint filed remain the same."

2    FAC at 1.  It is therefore apparent to the Court that Plaintiff intended the FAC as a supplement to

3    the original complaint.  In light of the liberal standard applied to pro se plaintiffs, *see Resnick*, 213

4    F.3d at 447, the Court construes the FAC filed on March 1, 2016 as incorporating the original

5    complaint.  Therefore, the Court addresses the allegations and claims in the original complaint as

6    well as the FAC.

7            Third, the claims listed in the captions of the original complaint and the FAC are not

8    entirely consistent with those described in the body of the original complaint.  For example, the

9    caption in the original complaint does not list whistleblower retaliation in violation of California

10   Labor Code § 1102.5 as a cause of action, but Plaintiff extensively discusses this claim in the body

11   of the complaint and lists this claim in the caption of the FAC.  In order to give this pro se

12   complainant the "benefit of any doubt," *see Cooper v. Pasadena Unified Sch. Dist.*, 52 F. App'x

13   362, 363 (9th Cir. 2002), the Court construes the complaint as including a claim under California

14   Labor Code § 1102.5.

15           Having carefully reviewed the original complaint and FAC, the Court identifies seven

16   causes of action.  Of these seven causes of action, Plaintiff asserts five solely against FedEx Office

17   and Express: (1) discrimination on the basis of disability in violation of FEHA § 12946 and the

18   ADA, Compl. ¶¶ 48–51; (2) failure to take reasonable steps to prevent discrimination in violation

19   of FEHA § 12940(k) and the ADA, *id.* ¶¶ 55–56; (3) retaliation in violation of FEHA § 12940(h)

20   and the ADA, *id.* ¶¶ 72–87; (4) failure to grant leave in violation of FEHA § 12945.2 and the

21   ADA, *id.* ¶¶ 88–94; and (5) wrongful termination in violation of public policy pursuant to *Tameny*

22   *v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), *id.* ¶¶ 113–119, 120–122.  The remaining two

23   causes of action—failure to make reasonable accommodations in violation of FEHA § 12940(m)

24   and the ADA, *id.* ¶¶ 52–54, 57–71, and whistleblower retaliation in violation of California Labor

25   Code § 1102.5, *id.* ¶¶ 95–112, 120–122—do not specify against which of the four Defendants the

26   claims are asserted.  Accordingly, the Court construes Plaintiff's failure to accommodate and

27   whistleblower retaliation claims as being stated against all Defendants.

28
                                            13

Finally, in opposition to the instant motions to dismiss Plaintiff does not refute Defendants' motions and instead attempts to offer new allegations and raise at least one new claim related to Defendants' allegedly fraudulent business practices.  Specifically, Plaintiff appears to assert a workers' compensation insurance fraud claim under California Insurance Code § 1871.4. ECF No. 45 at 7; ECF No. 47 at 9; ECF No. 50 at 9.  Plaintiff contends that "Plaintiff fears of being charged with worker's compensation insurance fraud even though it was committed by FedEx Office, GBS and Federal Express.  Plaintiff has the right to clear his good name no matter how long it takes."  *See, e.g.*, ECF No. 47 at 10.  For the following reasons, the Court disregards these new assertions related to workers' compensation fraud.

Most importantly, Plaintiff's pleadings do not include a claim for workers' compensation insurance fraud nor any factual allegations to support such a claim.  *See generally* Compl.; FAC.  Although the FAC includes letters that Plaintiff sent to various California agencies discussing workers' compensation insurance fraud, these letters never cite California Insurance Code § 1871.4.  Additionally, these letters—attached to the FAC with no context or supporting factual allegations—are not "sufficient to put [Defendants] on notice that [Plaintiff] was making claims" of workers' compensation insurance fraud in the instant lawsuit.  *See Cooper*, 52 F. App'x at 363.  The Court further notes that the record does not indicate that Plaintiff has ever been charged, or is at risk of being charged, with workers' compensation insurance fraud in connection with his employment with FedEx Office.

Additionally, Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint.  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Clark v. Beard*, 2015 WL 4452470, at *4 n. 7 (N.D. Cal. July 20, 2015) ("Plaintiff cannot raise new claims that were not previously raised in his amended complaint.").  Thus, in deciding the instant motion the Court may not consider Plaintiff's newly raised workers' compensation insurance fraud claim or related allegations.

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Moreover, although the Court will not determine the merits of Plaintiff's fraud allegations, the Court notes that California Insurance Code § 1871.4 is a penal statute. *See Leegin Creative Leather Prods., Inc. v. Diaz*, 131 Cal. App. 4th 1517, 1527 n. 11 (2005) ("Insurance Code section 1871.4 defines the crime of presenting a false workers' compensation claim and sets forth its punishment range."). "[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Redmond v. San Jose Police Dep't*, 2015 WL 2337874, at *2 (N.D. Cal. May 14, 2015) (alteration in original) (quoting *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55 (1999)). The United States Supreme Court has indicated that a private right of action under a criminal statute is rarely implied. *Id.* (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)). Here, a review of California Insurance Code § 1871.4 does not reveal an express private right of action. *See* Cal. Ins. Code § 1871.4; *see also id.* § 1871 (noting purpose of the chapter is, in part, for the Department of Insurance to "assist and receive assistance from federal, state, local, and administrative law enforcement agencies in the prosecution of persons who are parties in insurance frauds"). Nor does Plaintiff argue that a private right of action should be implied under California Insurance Code § 1871.4. Because Plaintiff does not assert this claim in the pleadings and can not bring this claim as a private plaintiff, the Court does not consider the allegations in Plaintiff's oppositions to the instant motions related to workers' compensation fraud.

The Court now turns to the merits of Plaintiff's claims. Given the number of Defendants in the instant lawsuit and the varying claims asserted, the Court will first discuss FedEx Office and Express, then turn to Freitas and Gallagher.

### B. FedEx Office and Express

FedEx Office and Express both contend that, because of *Minor I*, all of Plaintiff's claims are barred by res judicata. Office Mot. at 11–13; Express Mot. at 7–10.[1] Express moves to

---

[1] As noted above, Express's motion focuses upon the four claims expressly listed in the FAC and not all seven of the claims identified by the Court. However, Express specifically incorporates by reference Express's first motion to dismiss, *see* Express Mot. at 6 n.1, which contends that all of Plaintiff's claims are barred by res judicata. Moreover, "[a]s a general matter, a court may, *sua*

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1   dismiss Plaintiff's claims on four additional bases: (1) Express was not Plaintiff's employer for

2   purposes of the FEHA and the ADA; (2) Plaintiff has not exhausted his administrative remedies;

3   (3) Plaintiff fails to state a claim for whistleblower retaliation under California Labor Code

4   § 1102.5; and (4) Plaintiff's wrongful termination claim is untimely.  Express Mot. at 10–14.

5   Because the Court concludes that Plaintiff's claims against FedEx Office and Express are

6   precluded by res judicata, the Court need not reach Express's remaining arguments.

7         "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or

8   could have been raised in a prior action."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

9   2002) (emphasis and internal quotation marks omitted).  To determine the preclusive effect of

10   *Minor I*—a federal court case—the Court must look to federal law.  *See W. Sys., Inc. v. Ulloa*, 958

11   F.2d 864, 871 n.11 (9th Cir. 1992) ("The res judicata effect of federal court judgments is a matter

12   of federal law.").  Thus, to establish the res judicata effect of *Minor I* on the instant lawsuit, the

13   Court looks to whether "there is (1) an identity of claims, (2) a final judgment on the merits, and

14   (3) privity between parties."  *United States v. Liquidators of European Fed. Credit Bank*

15   *("Liquidators")*, 630 F.3d 1139, 1150 (9th Cir. 2011).

16         In opposition to FedEx Office's and Express's motions to dismiss, Plaintiff does not

17   challenge that these criteria are satisfied.  ECF Nos. 47, 50.  Nevertheless, the Court will address

18   each factor in turn to determine whether the application of res judicata is appropriate.

19       **1.  Identity of Claims**

20         To decide if there is identity of claims, courts in the Ninth Circuit apply four factors: "(1)

21   whether rights or interests established in the prior judgment would be destroyed or impaired by

22   prosecution of the second action; (2) whether substantially the same evidence is presented in the

23   two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the

24   two suits arise out of the same transactional nucleus of facts."  *Liquidators*, 630 F.3d at 1150

25

26

27   *sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed."  *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) (internal quotation marks omitted).

28

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

(quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)). The fourth factor is the most important. *Id.* Accordingly, the Court addresses this factor first. As to this factor, the Ninth Circuit has directed that "[w]hether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Int'l Union of Operating Eng'rs–Emp'rs Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993).

In both the instant case and *Minor I*, Plaintiff asserts the same violations of FEHA §§ 12946, 12940(h), (k), (m), 12945.2 and the same claim for wrongful termination in violation of public policy. The Court identifies just two differences between the claims that Plaintiff asserted in *Minor I* and the claims asserted in the instant case. First, in the instant complaint Plaintiff alleges that Plaintiff's FEHA claims are also viable claims under the ADA. Second, Plaintiff adds a single new claim, for whistleblower retaliation under California Labor Code § 1102.5. As explained below, these two differences are immaterial in the context of res judicata because the Court finds that *Minor I* and the instant lawsuit arise out of the same transactional nucleus of facts.

*Minor I* stemmed from workplace events leading up to, and including, Plaintiff's February 2011 termination. *See Minor I* Order. Specifically, Plaintiff alleged in *Minor I* that Plaintiff was demoted after complaining to management that employee timecards had been altered; that Plaintiff's employer delayed Plaintiff's hip surgery and then encouraged Plaintiff to return to work early post-operation; and that Plaintiff's employer did not properly accommodate Plaintiff's work restrictions after Plaintiff injured his knee at work. *See id.* at 2–3. Plaintiff asserted that Plaintiff's termination "was motivated by Plaintiff's disability and/or requests for time off due to Plaintiff's disability." *Minor I* Compl. ¶ 36.

Similarly, in the instant lawsuit, Plaintiff describes three events: Plaintiff's discovery of allegedly illegal tampering of employee timecards; Plaintiff's request for medical leave to have surgery on his right hip; and Plaintiff's work-related accident where Plaintiff injured his left knee. *See* Compl. ¶¶ 5–47. As in *Minor I*, all of Plaintiff's claims in the instant case stem from Defendants' responses to and involvement in those events, including Plaintiff's eventual

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1  termination.  *See, e.g.*, *id.* ¶ 50 ("The termination of Plaintiff's employment was motivated by

2  Plaintiff's disability and/or requests for time off due to Plaintiff's disability . . . ."), ¶ 52 ("Rather

3  than providing an accommodation, Defendants terminated Plaintiff's employment . . . .").  For

4  example, in both the instant case and *Minor I*, Plaintiff accuses FedEx Office and Express of

5  failing to accommodate Plaintiff by forcing Plaintiff to do heavy lifting despite his knee injury.

6  *Compare Minor I* Compl. ¶ 30 ("Plaintiff was left in the Federal Express store" alone and was

7  required "to lift heavy boxes and shipments irregardless of the injury to his knee"), *with* Compl.

8  ¶¶ 59–60 (alleging that "Plaintiff was left alone to do international and domestic shipments" and

9  then terminated because he was "unable to do heavy lifting").  Plaintiff does not allege that he has

10  obtained any new evidence regarding these events that was unavailable to Plaintiff prior to the

11  filing of *Minor I*.  *See Ardalan v. McHugh*, 2013 WL 6212710, at *8 (N.D. Cal. Nov. 27, 2013)

12  (finding identity of claims where plaintiff did not present any new evidence that was not raised in

13  the previous lawsuit).  Nor do Plaintiff's pleadings present new evidence.  Thus, Plaintiff's claims

14  here arise out of the same transactional nucleus of facts as *Minor I*.

15         Moreover, the fact that Plaintiff brings his disability-related claims pursuant to the ADA

16  and adds a seventh claim for whistleblower retaliation under California Labor Code § 1102.5 has

17  no bearing on res judicata.  "Newly articulated claims based on the same nucleus of facts may still

18  be subject to a res judicata finding if the claims could have been brought in the earlier action."

19  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.

20  2003).  The Ninth Circuit has explained when a plaintiff could have brought a claim in an earlier

21  action: "If the harm arose at the same time, then there was no reason why the plaintiff could not

22  have brought the claim in the first action.  The plaintiff simply could have added a claim to the

23  complaint.  If the harm arose from different facts at a different time, however, then the plaintiff

24  could not have brought the claim in the first action."  *Liquidators*, 630 F.3d at 1151.

25         Here, Plaintiff could have brought the ADA and California Labor Code § 1102.5 claims in

26  *Minor I* because "[t]here are no real differences (if there are any differences at all) between the

27  factual predicates" for the two actions.  *Id.*  Plaintiff's ADA claims are coextensive with the

28

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1    associated FEHA claims.  *See* Compl. ¶¶ 55–94 (asserting ADA and FEHA claims in same causes

2    of action).  As noted above, Plaintiff's FEHA claims are the same claims asserted in *Minor I* and

3    arise from the same facts.  Additionally, Plaintiff's California Labor Code § 1102.5 claim states

4    that Plaintiff "reported the illegal tampering of employee time cards" to management and

5    subsequently won the 2009 Class Action.  *Id.* ¶¶ 95–102.  As a result of reporting these

6    "wrongdoings," Plaintiff alleges that he "suffered continuous retaliation that last[ed] for over two

7    and [a] half years" during which time he was denied benefits related to medical leave and

8    ultimately terminated.  *Id.* ¶¶ 100–01, 106, 109–10.  Plaintiff could have—and did—bring claims

9    based on these same allegations in *Minor I*.  Accordingly, the "transactional nucleus of facts"

10   factor supports finding an "identity of claims" between all of the claims in the instant suit and

11   *Minor I*.

12          Although satisfaction of the fourth factor is often sufficient to find an identity of claims for

13   res judicata purposes without analysis of the other factors, *see Int'l Union of Operating Eng'rs*,

14   994 F.2d at 1430 (citing cases finding successive claims barred by res judicata based solely on

15   analysis of the fourth factor), the Court examines the other three factors relevant to the identity of

16   claims.  The first factor is "whether rights or interests established in the prior judgment would be

17   destroyed or impaired by prosecution of the second action."  *Liquidators*, 630 F.3d at 1150 n.7.

18   *Minor I* established that FedEx Office and Express could not be held liable for the alleged

19   employment discrimination and retaliation.  However, this factor is "unhelpful here because it

20   begs the question.  Resolution of that factor depends only on [the Court's] conclusion about res

21   judicata."  *Id.*  In other words, whether the rights in *Minor I* would be destroyed depends on

22   whether the Court concludes that the alleged employment discrimination and retaliation in the

23   instant case is the same as that alleged in *Minor I*.  Accordingly, the first factor is neutral.

24          The second factor supports a finding of an identity of claims because "substantially the

25   same evidence" as was presented in *Minor I* would necessarily be presented here.  *See id.* at 1150

26   & n.7 (finding that the presentation of substantially the same evidence supports a finding of res

27   judicata).  The third factor also supports an identity of claims because the "two suits involve

28
                                                   19

United States District Court
Northern District of California

infringement of the same right," specifically Plaintiff's right to be free from employment discrimination and retaliation. *Id.* at 1150.

In sum, three factors support finding an identity of claims while one factor is neutral. The Court concludes that the identity of claims supports a finding that res judicata bars all seven of Plaintiff's claims against FedEx Office and Express.

### 2. Final Judgment on the Merits

"An involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata . . . .*" *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997). In *Minor I*, Plaintiff's complaint was involuntarily dismissed after the Court considered the merits of Plaintiff's claim. *See Minor I* Order at 18 (dismissing complaint against FedEx Office, Express, and FedEx Corporation with prejudice). This involuntary dismissal amounts to a final judgment on the merits for purposes of res judicata as to both FedEx Office and Express. The second prong, therefore, is satisfied.

### 3. Privity

Lastly, the Court looks at whether the prior actions and the current lawsuit involve parties in privity with each other. The Ninth Circuit has defined privity in the res judicata context as "a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d at 881 (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)). Privity exists if "there is sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d at 1081. Here, there is no dispute that Plaintiff was the complainant in *Minor I* or that FedEx Office and Express were defendants in *Minor I*. Therefore, privity is established for these parties. *See Liquidators*, 630 F.3d at 1150 (privity established where parties are identical).

In light of the foregoing, the Court concludes that Plaintiff's claims against FedEx Office and Express are barred by the doctrine of res judicata. This deficiency is a legal one that can not be cured by amendment. Accordingly, the Court GRANTS FedEx Office's and Express's motions to dismiss with prejudice. *See Leadsinger, Inc.*, 512 F.3d at 532 (noting that leave to amend may

20

1    be denied "due to . . . futility of amendment").

2        **C.  Freitas and Gallagher**

3        The Court now turns to the two claims that Plaintiff asserts against Freitas and Gallaher:

4    (1) failure to make reasonable accommodations in violation of FEHA § 12940(m) and ADA

5    § 12112(b)(5), and (2) whistleblower retaliation in violation of California Labor Code § 1102.5.

6    Because Freitas and Gallaher make similar arguments about these claims, the Court addresses

7    these defendants' motions to dismiss together.  The Court first addresses Plaintiff's failure to

8    accommodate claim, and then Plaintiff's whistleblower retaliation claim.

9        **1.  Failure to Accommodate in Violation of FEHA § 12940(m) and ADA**
             **§ 12112(b)(5)**

10       Freitas and Gallagher move to dismiss Plaintiff's failure to accommodate claim on three

11   bases: (1) Plaintiff fails to state a claim because neither Freitas nor Gallagher was Plaintiff's

12   employer; (2) Plaintiff has not alleged that Plaintiff exhausted his administrative remedies; and (3)

13   the claim is time-barred.  Freitas also asserts that individual defendants can not be personally

14   liable under the FEHA or the ADA.  Office Mot. at 15–16.  Plaintiff does not respond to any of

15   Freitas's or Gallagher's arguments.  Although this may be a sufficient basis for dismissal, the

16   Court will consider Freitas's and Gallagher's arguments.  The Court first considers exhaustion and

17   timeliness, then turns to whether Freitas or Gallagher was Plaintiff's employer.

18       **a.  Plaintiff Has Not Alleged That He Exhausted His Administrative Remedies or**
             **Timely Filed the Complaint**

19

20       Exhaustion under the FEHA requires filing a complaint with the DFEH within one year of

21   the date of the alleged unlawful practice and obtaining notice of the right to sue.  FEHA § 12960;

22   *see Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996).  Moreover, for a civil suit to be

23   timely, the plaintiff must bring a claim within one year of obtaining a right-to-sue letter from

24   DFEH.  *See* FEHA § 12965(b), (d) (noting "the one-year statute of limitations, commencing from

25   the date of the right-to-sue notice by the [DFEH]").  The Court must generally dismiss

26   unexhausted FEHA causes of action.  *Rodriguez v. Airborne Express*, 265 F.3d 890, 900 (9th Cir.

27   2001) ("The administrative time limits prescribed by FEHA are treated as equivalent to statutes of

28
        21

        Case No. 16-CV-00532-LHK
        ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1   limitations and are subject to equitable doctrines such as waiver, estoppel, and tolling.").

2   Moreover, "[a]llegations in the civil complaint that fall outside of the scope of the administrative

3   charge are barred for failure to exhaust." *See id.* at 897.

4        Exhaustion under the ADA occurs when the plaintiff files a charge with the EEOC within

5   180 days from the date upon which the alleged unlawful practice occurred. *See* 42 U.S.C.

6   § 2000e-5(e).  If, however, a plaintiff has initially instituted proceedings with a state or local

7   agency with authority to grant relief from the allegedly unlawful practice, a plaintiff has 300 days

8   after the allegedly unlawful employment practice, or 30 days after receiving notice that the state or

9   local agency has terminated proceedings under state or local law, whichever is earlier, to file a

10  charge with the EEOC.  *Id.*  After receiving an EEOC right-to-sue letter, a plaintiff has 90 days to

11  file suit. *See id.* § 2000e-5(f)(1).  The Court lacks subject matter jurisdiction over unexhausted

12  ADA claims.  *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).

13       In Plaintiff's pleadings, Plaintiff alleges that he filed a number of complaints with the

14  DFEH.  *See, e.g.*, Compl. ¶¶ 8, 35, 70, 83.  However, Plaintiff does not allege that any of these

15  DFEH complaints were brought against Freitas or Gallagher and does not explain the substance of

16  the complaints.  Nor does Plaintiff allege that Plaintiff filed any complaints against Freitas or

17  Gallagher with the EEOC.  *See generally id.*; FAC.

18       Freitas, however, states that Plaintiff filed a single charge against Freitas with the DFEH

19  on June 1, 2010, ECF No. 34-21, and received notice of right-to-sue on April 1, 2011, ECF No.

20  34-22.[2]  The right-to-sue letter stated: "Based upon its investigation, DFEH is unable to conclude

21  that the information obtained establishes a violation of the statute."  Accordingly, the DFEH

22  closed the file.  ECF No. 34-22.  Under the one-year statute of limitations, Plaintiff's right to sue

23  on this complaint expired on April 1, 2012—well before Plaintiff filed the instant lawsuit on

24

25  [2] Freitas also requests judicial notice of an application for discrimination benefits that Plaintiff
    filed with the Workers' Compensation Appeals Board.  ECF No. 34-5.  Plaintiff does not rely on
26  this application to argue that Plaintiff exhausted his administrative remedies under the FEHA.
    Moreover, to exhaust a claim under the FEHA, the employee must file a complaint with the
27  DFEH—not the Workers' Compensation Appeals Board.  *See* FEHA § 12960; *Romano*, 14 Cal.
    4th at 492.

28

Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

December 29, 2015.  FEHA § 12965(b).  Plaintiff offers no reason to equitably toll the statute of limitations.  Accordingly, any suit on this charge is time barred.  *Hughes v. Cty. of Mendocino*, 2011 WL 4839234, at *3 (N.D. Cal. Oct. 12, 2011) (dismissing FEHA claims when suit was not filed within one year of receiving the right-to-sue letter from the DFEH and the complaint did not address equitable tolling).

As noted above, Plaintiff does not identify any additional DFEH or EEOC claims against Freitas.  Nor does Plaintiff allege that Plaintiff filed any DFEH or EEOC complaints against or received any right-to-sue letters for Gallagher.  *See generally* Compl.; FAC.  In opposition to the instant motions to dismiss, Plaintiff does not point to any complaints that would demonstrate exhaustion nor argue that the Court should excuse Plaintiff's failure to exhaust.  *See generally* ECF Nos. 45, 47.  Accordingly, Plaintiff fails to allege that he exhausted his administrative remedies and thus fails to state a failure to accommodate claim under the FEHA or the ADA. *Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (1985) ("[Plaintiff] could not maintain a civil action alleging violations of the FEHA until after she had exhausted her administrative remedies pursuant to the FEHA."); *Farmer Bros.*, 31 F.3d at 899 (federal courts lack jurisdiction over unexhausted ADA claims).

### b.  Whether Freitas or Gallagher Was Plaintiff's "Employer"

Although failure to exhaust is a sufficient basis for dismissal, the Court next addresses Freitas's and Gallagher's assertion that Plaintiff may not state a claim for failure to accommodate under the FEHA and the ADA because neither Freitas nor Gallagher was Plaintiff's employer.  To determine whether Plaintiff has stated a failure to accommodate claim, the Court first analyzes the definition of "employer" under the FEHA and the ADA.  The Court next considers the sufficiency of Plaintiff's allegations as to whether either Freitas or Gallagher was Plaintiff's employer.  Lastly, the Court examines Freitas's argument that Freitas may not be held individually liable as an employer under the FEHA or the ADA.

### i.  Legal Standard

Claims under both FEHA § 12940(m) and ADA § 12112(b)(5)(A) may be brought only by

23

an employee against an "employer."  *See* FEHA § 12940(m) ("It is an unlawful employment

practice . . . [f]or an employer or other entity . . . to fail to make reasonable accommodation for the

known physical or mental disability of an applicant or employee."); 42 U.S.C. §§ 12112(b)(5)(A),

12111(2) (providing that no "covered entity," or "employer," shall discriminate by "not making

reasonable accommodations to the known physical or mental limitations of an otherwise qualified

individual with a disability who is an applicant or employee").  An "employer" is a person who

employs more than five employees (under the FEHA) or fifteen employees (under the ADA).  *See*

FEHA § 12926(d) (defining an employer as, in part, "any person regularly employing five or more

persons, or any person acting as an agent of an employer, directly or indirectly"); 42 U.S.C.

§ 12111(5)(A) ("The term 'employer' means a person engaged in an industry affecting commerce

who has 15 or more employees for each working day in each of 20 or more calendar weeks in the

current or preceding calendar year, and any agent of such person . . . .").

 To determine whether an employer-employee relationship exists under the ADA, the U.S.

Supreme Court has advised courts to examine "all of the incidents of the relationship."

*Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 451 (2003); *see also Vernon v.

State*, 116 Cal. App. 4th 114, 124 (2004) (noting that, to find an employer-employee relationship

under the FEHA, courts consider the "'totality of circumstances' that reflect upon the nature of the

work relationship of the parties, with emphasis upon the extent to which the defendant controls the

plaintiff's performance of employment duties").  The U.S. Supreme Court further noted: "The

employer can hire and fire employees, can assign tasks to employees and supervise their

performance, and can decide how the profits and losses of the business are to be distributed."

*Clackamas*, 538 U.S. at 445, 450 ("[W]hen Congress has used the term 'employee' without

defining it, we have concluded that Congress intended to describe the conventional master-servant

relationship as understood by common-law agency doctrine." (internal quotation marks omitted)).

Similar factors, centered on the extent to which the alleged employer controls the employee's

performance of employment duties, govern the employer-employee determination under the

FEHA.  *See Vernon*, 116 Cal. App. 4th at 125 (noting the courts should examine, among other

United States District Court
Northern District of California

1    factors, the payment of salary or other employment benefits and Social Security taxes, the

2    authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the

3    authority to establish work schedules and assignments).

###### ii.   Lack of Allegations of an Employer-Employee Relationship

4

5        In the instant case, Plaintiff never alleges that Freitas or Gallagher was Plaintiff's

6    "employer."  *See* Compl.; FAC.  Nor has Plaintiff alleged sufficient facts from which the Court

7    may infer that Freitas or Gallagher was Plaintiff's employer.  As to Freitas, who was a store

8    manager at the FedEx Office where Plaintiff worked, Plaintiff alleges that Freitas and another

9    store manager "knowingly made schedules where Plaintiff was left alone to do international and

10   domestic shipments."  Compl. ¶ 59.  However, there are no other allegations relevant to an

11   employee-employer relationship, including the relationship between Freitas, the other store

12   manager, and FedEx Office; the extent of Freitas's supervision of Plaintiff; or whether Freitas

13   could fire Plaintiff or direct Plaintiff's work.

14       As to Gallagher, the exhibits filed with the FAC indicate that Plaintiff has long

15   acknowledged that Gallagher was FedEx Office's workers' compensation administrator.  *See* FAC

16   E-29 to -32 (Letter to Judge Henderson) (discussing a Gallagher claims adjustor's denial of

17   Plaintiff's claim); E-46 to -50 (Letter to California State Bar) (arguing Gallagher violated duty as

18   claims adjuster); E-68 (Letter to Attorney General) ("FedEx Kinkos is licensed and has worker's

19   comp ins. Ace American (claims adjustor-Gallagher Basset Services)").  Plaintiff does not allege

20   that Plaintiff had any interactions or relationship with Gallagher besides the dispute over

21   Plaintiff's workers' compensation.  However, if Gallagher acted only as FedEx Office's workers'

22   compensation administrator, then Gallagher was not Plaintiff's employer.  *See Weyer v. Twentieth*

23   *Century Fox Film Corp.*, 198 F.3d 1104, 1113 (9th Cir. 2000) (finding that defendant was not the

24   plaintiff's "employer" when the defendant "was simply the administrator of the employer's

25   disability policy"); *see also Marshall v. Whirlpool Corp.*, 2010 WL 348344, at *4 (N.D. Okla. Jan.

26   26, 2010) ("[Defendant] is simply the administrator of the disability policy and as such is not a

27   'covered entity' under the ADA."); *Van Hulle v. Pac. Telesis Corp.*, 124 F. Supp. 2d 642, 643 n.4

28

25

1    (N.D. Cal. 2000) (administrator of Pacific Telesis's employee health insurance plans was not an

2    employer of Pacific Telesis's employees).

3         Moreover, the Court has taken judicial notice of documents that indicate that FedEx Office

4    (not Freitas or Gallagher) paid and employed Plaintiff.  *See* FAC E-91 (Letter from Plaintiff to

5    Unidentified Recipient stating "I am writing this letter to report as a WHISTLEBLOWER against

6    *my employer* FedEx Kinkos later renamed to FedEx Office . . . " (emphasis added)); *id.* E-121

7    (Letter to Santa Clara District Attorney stating "Gallagher Basset Services covers *FedEx Office*

8    *employees* only" (emphasis added)); ECF No. 39-2 (joint stipulation in the 2009 Class Action

9    signed by Plaintiff's counsel stating that FedEx Office paid and employed Plaintiff).  The Court

10   also notes that in *Minor I*, the Court found that Plaintiff had repeatedly acknowledged that FedEx

11   Office was Plaintiff's employer.  *Minor I* Order at 10.  Plaintiff does not challenge this point.  In

12   fact, in Plaintiff's oppositions to the motions to dismiss, Plaintiff does not assert that either Freitas

13   or Gallagher was Plaintiff's employer.

14        Because Plaintiff does not allege that Freitas or Gallagher was Plaintiff's employer,

15   Plaintiff has not pled a claim for failure to accommodate under the FEHA or the ADA against

16   Freitas or Gallagher.  *See, e.g.*, *Montazer v. SM Stoller, Inc.*, 363 F. App'x 460, 461 (9th Cir.

17   2010) (affirming dismissal of federal discrimination claims when plaintiff failed to allege facts

18   showing that any defendant was plaintiff's employer); *Kelly v. Methodist Hosp. of S. Cal.*, 22 Cal.

19   4th 1108, 1116 (2000) (noting that § 12926 "predicates potential FEHA liability on the status of

20   the defendant as an 'employer'").

21                        **iii.  Individual Liability**

22        Even if Plaintiff were to allege that Freitas was Plaintiff's employer, Plaintiff's failure to

23   accommodate claim against Freitas would still fail under the ADA and the FEHA.  The Ninth

24   Circuit has clearly held, in accordance with other circuits, that "individual defendants cannot be

25   held personally liable for violations of the ADA."  *See Walsh v. Nev. Dep't of Human Res.*, 471

26   F.3d 1033, 1037–38 (9th Cir. 2006) (citing *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d

27   161, 177 (3rd Cir. 2002); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir.

28

26

1    1999); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82

2    F.3d 1007, 1009 (11th Cir. 1996); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–80

3    (7th Cir. 1995)).  In so holding, the Ninth Circuit noted that, like Title VII of the Civil Rights Act

4    of 1964, the ADA limits liability to employers with 15 or more employees.  *Id.* at 1037.  The

5    Ninth Circuit explained that "Congress limited liability under Title VII to employers with 15 or

6    more employees because it did not want to burden small entities with the costs associated with

7    litigating discrimination claims" and it was "inconceivable that Congress intended to allow

8    individual employees to be sued under Title VII."  *See id.* at 1037 (internal quotation marks

9    omitted).  The Ninth Circuit held that the same reasoning applied to the ADA and thus, as with

10   Title VII, individuals are not "employers" under the ADA.  *Id.* at 1038.  Accordingly, Freitas may

11   not be personally liable as an "employer" for failing to accommodate Plaintiff under the ADA.

12          Similarly, the Court concludes that Freitas is not an "employer" for purposes of FEHA

13   § 12940(m).  Although California courts have not ruled specifically on the availability of

14   individual liability under FEHA § 12940(m), the California Supreme Court has held that

15   individual supervisors may not be sued personally under FEHA § 12940(a), which prohibits "an

16   employer" from discriminating on the basis of disability.  *Reno v. Baird*, 18 Cal. 4th 640, 663

17   (1998).  In *Reno*, the California Supreme Court looked to the definition of "employer" in Title VII

18   and the ADA and noted the "clear and growing consensus" of federal courts holding that

19   individual supervisors can not be liable for employment discrimination.  *Id.* at 648, 659 ("We find

20   the cases concluding supervisory employees are not individually liable persuasive in both number

21   and reasoning.").  The California Supreme Court explained that, similar to Title VII and the ADA,

22   the FEHA exempts small employers from liability for discrimination.  *Id.* at 650–51 (noting that

23   an "employer" under the FEHA is limited to individuals or entities with five or more employees).

24   In light of that limit, the California Supreme Court noted that there would be "incongruity between

25   exempting small employers and imposing liability on individual supervisors."  *Id*. at 663.

26          In addition, the California Supreme Court explained that the "[b]ehavior that gives rise to a

27   discrimination claim . . . is often indistinguishable from performing one's job duties."  *Id.* at 657.

*(left margin, rotated)* United States District Court  Northern District of California

28

27

1    For example, employees may claim discrimination based on "hiring and firing, job or project

2    assignments, office or work station assignments, promotion or demotion, performance evaluations,

3    the provision of support, the assignment or nonassignment of supervisory functions, deciding who

4    will and who will not attend meetings, deciding who will be laid off, and the like." *Id.* at 646–47.

5    The California Supreme Court found that to allow individual liability for such "necessary

6    personnel management actions" would inappropriately subject supervisory employees to "the

7    ever-present threat of a lawsuit every time they make a personnel decision." *Id.* 663.

8           Lastly, the California Supreme Court contrasted discrimination to harassment.  While the

9    FEHA prohibits discrimination by "an employer," the FEHA prohibits "an employer . . . or *any*

10   *other person*" from harassing an employee.  *Id.* at 644.  Thus, individual supervisors may be held

11   personally liable for harassment.  *Id.* at 645, 657.  The California Supreme Court explained that

12   the difference in the availability of individual liability for discrimination and harassment is

13   justified because "[h]arassment . . . consists of actions outside the scope of job duties which are

14   not of a type necessary to do business and personnel management."  *Id.* at 647.  Unlike personnel

15   decisions, "[n]o supervisory employee needs to use slurs or derogatory drawings, to physically

16   interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to

17   carry out the legitimate objectives of personnel management."  *Id.* at 646.  Thus, "[e]very

18   supervisory employee can insulate himself or herself from claims of harassment by refraining

19   from such conduct."  *Id.*  For the above reasons, the California Supreme Court concluded that

20   "individuals who do not themselves qualify as employers may not be sued under the FEHA for

21   alleged discriminatory acts."  *Id.* at 663.

22           Relying on *Reno*, the California Supreme Court in *Jones v. Lodge at Torrey Pines P'ship*

23   held that individuals may not be held liable as "employers" for retaliation under FEHA

24   § 12940(h).  42 Cal. 4th 1158, 1160 (2008).  In the context of retaliation, the California Supreme

25   Court noted that "[i]f an employee gains a reputation as a complainer, supervisors might be

26   particularly afraid to impose discipline on that employee or make other lawful personnel decisions

27   out of fear the employee might claim the action was retaliation for the complaining."  *Id.* at 1167.

28
Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1    However, the California Supreme Court noted, "it is bad policy to subject supervisors to the threat

2    of a lawsuit every time they make a personnel decision." *Id.* at 1167.  Accordingly, the California

3    Supreme Court reasoned that "*Reno*'s rationale for not holding individuals personally liable for

4    discrimination applies equally to retaliation." *Id.* at 1164.  Accordingly, "nonemployer individuals

5    are not personally liable for their role in . . . retaliation." *Id.* at 1173.

6         Two district courts in this circuit have applied the reasoning of *Reno* to conclude that

7    FEHA § 12940(m) does not permit individual liability for failure to accommodate.  *See Calderon*

8    *v. Georgia-Pac. Corrugated LLC*, 2008 WL 4159220, at *2 (E.D. Cal. Sept. 4, 2008) (dismissing

9    failure to accommodate and disability discrimination claims because "Mr. Bergman and Mr.

10   Wells, as supervisors, managers, superintendents, and/or agents of Georgia-Pacific, are not

11   [plaintiff's] 'employers.'"); *Ball v. Los Rios Cmty. Coll. Dist.*, 2007 WL 1791689, at *2 (E.D. Cal.

12   June 15, 2007) (dismissing failure to accommodate FEHA claims).  The Court agrees.

13        Similar to the discrimination provision examined in *Reno*, which prohibited actions by "an

14   employer," FEHA § 12940(m) prohibits actions by "an employer or other entity."  Given the

15   similarity of these provisions, the Court concludes that the reasoning of *Reno* applies equally to

16   FEHA § 12940(m).  *See Ball*, 2007 WL 1791689, at *2 (relying on *Reno*'s explanation of the

17   policy against individual liability and the plain language of FEHA § 12940(m) to rule that there is

18   no individual liability for failure to accommodate).  Moreover, the discriminatory conduct that

19   Plaintiff alleges violates FEHA § 12940(m) includes the kind of "discriminatory hiring, firing, and

20   personnel practices" contemplated in *Reno* and *Jones* that do not give rise to individual liability.

21   *See Reno*, 18 Cal. 4th at 645; *Jones*, 42 Cal. 4th at 1160.  Plaintiff's complaint alleges that Freitas

22   "violated FedEx Corporate Team Member policies and rules for employees" and "knowingly

23   made schedules where Plaintiff was left alone to do international and domestic shipments."

24   Compl. ¶¶ 58–59.  The complaint also alleges that "[r]ather than providing an accommodation,

25   Defendants terminated Plaintiff's employment." *Id.* ¶ 52.  Under *Reno* and *Jones*, personnel

26   decisions including work assignments, setting of work schedules, and termination do not subject

27   individual supervisors to liability under the FEHA.  Thus, the Court finds that Freitas cannot be

28
     Case No. 16-CV-00532-LHK
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1   held individually liable for Plaintiff's failure to accommodate claim under FEHA § 12940(m).

2       **c.  Leave to Amend**

3        In sum, Plaintiff has failed to allege exhaustion of administrative remedies and that either

4   Freitas or Gallagher was Plaintiff's employer.  Accordingly, the Court GRANTS Freitas's and

5   Gallagher's motions to dismiss as to Plaintiff's failure to accommodate claim.

6        The Court concludes that granting Plaintiff leave to amend the failure to accommodate

7   claim against Freitas would be legally futile.  If exhaustion of administrative remedies was the

8   only issue before the Court, the Court would grant leave to amend.  Additionally, if the factual

9   sufficiency of Plaintiff's allegations as to the employer-employee relationship was the only issue

10  before the Court, the Court would grant leave to amend because Plaintiff may be able to allege

11  additional facts to show that Freitas was Plaintiff's employer.  However, as discussed above,

12  Freitas may not be held individually liable for failure to accommodate under the FEHA or the

13  ADA.  Specifically, the Ninth Circuit has clearly stated that individual supervisors may not be

14  held liable as employers under the ADA.  *See Walsh*, 471 F.3d at 1038.  Additionally, the

15  California Supreme Court has held that individual supervisors may not be held individually liable

16  under the FEHA for necessary personnel management decisions such as work assignments, setting

17  of work schedules, and termination.  *See Reno*, 18 Cal. 4th at 663; *Jones*, 42 Cal. 4th at 1160.

18  Accordingly, Freitas—one of Plaintiff's supervisors—could not be held individually liable for

19  failing to accommodate Plaintiff even if Plaintiff exhausted administrative remedies and

20  adequately alleged an employer-employee relationship.  This deficiency is a legal one that Plaintiff

21  can not cure through allegation of new facts.  *See Leadsinger, Inc.*, 512 F.3d at 532.  Thus, the

22  Court's dismissal of Plaintiff's failure to accommodate claim against Freitas is with prejudice.

23       However, as to Gallagher, the Court can not say that any amendment of Plaintiff's failure

24  to accommodate claim against Gallagher would necessarily be futile.  Accordingly, the Court's

25  dismissal of Plaintiff's failure to accommodate claim against Gallagher is with leave to amend.

26      **2.  Whistleblower Retaliation Claim**

27       Given Plaintiff's unclear pleadings, it appears that Freitas and Gallagher did not

28   

United States District Court
Northern District of California

30

1    understand Plaintiff to raise a California Labor Code § 1102.5 whistleblower retaliation claim.

2    Nonetheless, as discussed above, the Court construed Plaintiff's complaint liberally to include a

3    claim under § 1102.5 against all Defendants.  Accordingly, the Court deems it appropriate to

4    examine whether Plaintiff is able to state a claim under § 1102.5.  The Court finds dismissal

5    appropriate for two reasons: (1) Plaintiff's claim is time barred; and (2) Plaintiff fails to allege that

6    Freitas or Gallagher was Plaintiff's employer.  The Court discusses the two reasons for dismissal

7    in turn.

8        As a preliminary matter, only Express construed Plaintiff's pleadings to include a § 1102.5

9    claim and moved to dismiss the claim.  Express argued that Plaintiff was unable to state a § 1102.5

10   claim because, among other reasons, the claim is untimely under the statute of limitations.

11   Express Mot. at 13–14.  In opposition to Express's motion to dismiss, Plaintiff does not refute

12   Express's argument as to the statute of limitations nor address Plaintiff's § 1102.5 claim at all.

13   Moreover, as discussed above, Plaintiff may not state a § 1102.5 claim against Express because

14   the claim is barred by res judicata.

15       As to Plaintiff's § 1102.5 claim against Freitas and Gallagher, the Court first concludes

16   that Plaintiff's claim is barred by the statute of limitations.  California's statute of limitations for

17   "[a]n action upon a liability created by statute, other than a penalty or forfeiture" is three years.

18   *See* Cal. Civ. Proc. Code § 338(a).  Therefore, actions commenced under § 1102.5 must be

19   brought within three years.  *See Monk v. Sacramento Metro. Fire Dist.*, 2011 WL 6176078, at *11

20   (Cal. Ct. App. Dec. 13, 2011) (unpublished) (dismissing § 1102.5 claim as time barred under

21   three-year statute of limitations set forth in Cal. Civ. Proc. Code § 338(a)).  However, if the suit

22   seeks the civil penalty provided in § 1102.5(f), the claim is subject to a one-year limitations

23   period.  *See Terbeek v. Panda Rest. Grp. Inc.*, 2015 WL 1863046, at *4 (Cal. Ct. App. Apr. 22,

24   2015) (unpublished) (dismissing claim as time barred under one-year statute of limitations set

25   forth in Cal. Civ. Proc. Code § 340(a)); *Fenters v. Yosemite Chevron*, 2009 WL 4928362, *7 (E.D.

26   Cal. Dec. 14, 2009) (same).  The Court need not decide which statute of limitations would apply in

27   this case as Plaintiff's claim would be time barred under either statute of limitations as explained

28

31

1    below.  *See Somers v. Digital Realty Trust, Inc.*, 2015 WL 4481987, at *3 (N.D. Cal. July 22,

2    2015) (noting that different courts have reached different conclusions regarding the applicable

3    limitations period for § 1102.5 claims).

4         Specifically, construing Plaintiff's pleadings liberally, Plaintiff alleges that Freitas

5    retaliated against Plaintiff by making schedules that failed to accommodate Plaintiff's disability.

6    Compl. ¶ 59.  Gallagher, as FedEx Office's third party claims administrator, allegedly denied

7    Plaintiff's requests for medical treatment following Plaintiff's knee injury and refused to provide

8    benefits.  *Id.* ¶¶ 101, 107.  The time frame for these alleged retaliations is unclear.  However, the

9    latest date on which Plaintiff's whistleblower claim could have accrued is February 25, 2011, the

10   date that Plaintiff was terminated and the latest alleged date of any retaliation by any defendants.

11   *See La v. San Mateo Cty. Transit Dist.*, 2014 WL 6682476, at *4 (N.D. Cal. Nov. 25, 2014) (citing

12   *Shoemaker v. Myers*, 2 Cal. App. 4th 1407, 1427 (1992)) ("The latest date on which the statute of

13   limitations for [plaintiff's] state law whistleblower causes of action could have accrued is the date

14   of her termination . . . .").  Yet Plaintiff waited until December 29, 2015, nearly five years after he

15   was terminated, to file the instant lawsuit.  Thus, Plaintiff's claim is untimely.  *See U.S. ex rel. Air*

16   *Control Technologies, Inc. v. Pre Con Indus. Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (claim may

17   be dismissed as untimely pursuant to a 12(b)(6) motion when "the running of the statute [of

18   limitations] is apparent on the face of the complaint").  The Court notes that Plaintiff makes no

19   argument for tolling the statute of limitations.

20        As an alternative basis for dismissal, the Court considers whether Plaintiff has alleged

21   Freitas or Gallagher was Plaintiff's employer for purposes of § 1102.5.  Section 1102.5 is a

22   whistleblower protection statute intended to encourage employees to report unlawful acts without

23   fear of retaliation.  Thus, § 1102.5(b) prohibits retaliation by "[a]n employer, or any person acting

24   on behalf of an employer" against an employee "for disclosing information . . . if the employee has

25   reasonable cause to believe that the information discloses a violation of state or federal statute, or

26   a violation of or noncompliance with a local, state, or federal rule or regulation."  As with the

27   FEHA and ADA failure to accommodate claims, § 1102.5 claims may only be brought against "an

28
Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1  employer."  *See id.*; *Hansen v. Cal. Dep't of Corr. & Rehab.*, 171 Cal. App. 4th 1537, 1546 (2008)

2  ("Accordingly, a prerequisite to asserting a Labor Code section 1102.5 violation is the existence of

3  an employer-employee relationship at the time the allegedly retaliatory action occurred.").

4        Section 1102.5 does not define "employer," so courts analyzing § 1102.5 claims have

5  relied on interpretations of "employer" under the FEHA.  *See, e.g.*, *Hall v. Apartment Inv. &*

6  *Mgmt. Co.*, 2011 WL 940185, at *5 n.6 (N.D. Cal. Feb. 18, 2011) (concluding that claims under

7  the FEHA and California Labor Code were subject to the same analysis); *Huse v. Auburn Honda*,

8  2005 WL 1398521, at *3 (E.D. Cal. June 10, 2005) ("borrowing" definition of employer from

9  Title VII and FEHA for purposes of § 1102.5 claim).  *Cf. Patten v. Grant Joint Union High Sch.*

10  *Dist.*, 134 Cal. App. 4th 1378, 1387 (2005) (adopting, for purposes of § 1102.5 claim, definition of

11  "adverse employment action" from FEHA cases).  Under the FEHA, the employer-employee

12  relationship is determined according to the totality of the circumstances, "with emphasis upon the

13  extent to which the defendant controls the plaintiff's performance of employment duties.  *Hall*,

14  2011 WL 940185 at *5 (quoting *Vernon*. 116 Cal. App. 4th at 124).

15        As discussed above, Plaintiff fails to allege that either Freitas or Gallagher was Plaintiff's

16  "employer."  Nor has Plaintiff alleged sufficient facts from which the Court may infer that Freitas

17  or Gallagher was Plaintiff's employer.  As to Freitas, Plaintiff's sole relevant allegation is that

18  Freitas and another store manager "knowingly made schedules where Plaintiff was left alone to do

19  international and domestic shipments."  Compl. ¶ 59.  There are no other allegations relevant to an

20  employee-employer relationship, including the relationship between Freitas, the other store

21  manager, and FedEx Office; the extent of Freitas's supervision of Plaintiff; or whether Freitas

22  could fire Plaintiff or direct Plaintiff's work.  Thus, the Court concludes that Plaintiff fails to

23  allege that Freitas was Plaintiff's employer.

24        Furthermore, even if Plaintiff had alleged that Freitas was Plaintiff's employer, neither

25  party addresses whether individual liability exists for employers under § 1102.5.  Because this

26  issue has not been briefed, the Court declines to determine whether individual liability is available

27  under § 1102.5 and thus whether Freitas, an individual, can even be liable under § 1102.5.  *See*

28
                                      33

1  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial

2  system relies on the advocates to inform the discussion and raise the issues to the court.").

3           As to Gallagher, the exhibits filed with the FAC indicate that Plaintiff has long

4  acknowledged that Gallagher was FedEx Office's workers' compensation administrator.  *See* FAC

5  E-29 to -32 (Letter to Judge Henderson) (discussing a Gallagher claims adjustor's denial of

6  Plaintiff's claim); E-46 to -50 (Letter to California State Bar) (arguing Gallagher violated duty as

7  claims adjuster); E-68 (Letter to Attorney General) ("FedEx Kinkos is licensed and has worker's

8  comp ins. Ace American (claims adjustor-Gallagher Basset Services)").  Moreover, Plaintiff

9  signed a stipulation in the 2009 Class Action stating that FedEx Office (not Freitas or Gallagher)

10  paid and employed Plaintiff.  *See* ECF No. 39-2.  Plaintiff also wrote letters stating that FedEx

11  Office was his employer.  *See* FAC E-91 (Letter from Plaintiff to Unidentified Recipient stating "I

12  am writing this letter to report as a WHISTLEBLOWER against *my employer* FedEx Kinkos later

13  renamed to FedEx Office . . . " (emphasis added)); *id.* E-121 (Letter from Plaintiff to Santa Clara

14  District Attorney stating "Gallagher Basset Services covers *FedEx Office employees* only"

15  (emphasis added)).  The Court also notes that in *Minor I*, the Court found that Plaintiff had

16  repeatedly acknowledged that FedEx Office was Plaintiff's employer.  *Minor I* Order at 10.  Thus,

17  Plaintiff has failed to establish that Gallagher was his employer, and in fact, there is an abundance

18  of evidence to the contrary.

19           In light of the foregoing, the Court concludes that Plaintiff fails to allege that either Freitas

20  or Gallagher was Plaintiff's employer for purposes of Plaintiff's § 1102.5 claim.  Additionally,

21  Plaintiff's claim is time barred.  Accordingly, the Court GRANTS Gallagher's and Freitas's

22  motions to dismiss as to Plaintiff's California Labor Code § 1102.5 claim.  Plaintiff may be able to

23  allege additional facts to show that the statute of limitations should be tolled, and that Gallagher or

24  Freitas acted as Plaintiff's employer.  Thus, as the Court can not say that amendment will

25  necessarily be futile, this dismissal is with leave to amend.  *See Leadsinger, Inc.*, 512 F.3d at 532.

26  **V.    CONCLUSION**

27           For the foregoing reasons, the Court rules as follows:

28
Case No. 16-CV-00532-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

- The Court GRANTS FedEx Office's and Express's motions to dismiss with prejudice;
- The Court GRANTS Freitas's motion to dismiss with prejudice as to Plaintiff's claim for failure to accommodate under the FEHA and the ADA;
- The Court GRANTS Freitas's motion to dismiss with leave to amend as to Plaintiff's California Labor Code § 1102.5 claim;
- The Court GRANTS Gallagher's motion to dismiss with leave to amend as to Plaintiff's claim for failure to accommodate under the FEHA and the ADA and Plaintiff's California Labor Code § 1102.5 claim.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this order.[3]  Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims.  Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 25, 2016

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

_____

[3] Plaintiff is encouraged to continue seeking advice from the Federal Pro Se Program. Appointments may be made with the Federal Pro Se Program by calling (408) 297-1480, or by stopping by Room 2070 of the San Jose Courthouse, 280 South First Street, San Jose, CA 95113.

35

United States District Court
Northern District of California