UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY MINOR,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDEX OFFICE & PRINT SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 16-CV-00532-LHK<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 86 |

Before the Court is a motion for attorney's fees filed by Defendants FedEx Office and Print Services, Inc. ("FedEx Office") and Lance Freitas ("Freitas"). ECF No. 86. Having considered the parties' briefing, the relevant law, and the record in this case, the Court hereby DENIES FedEx Office's and Freitas's motion for attorney's fees.

## I.    BACKGROUND

This case is at least the third federal lawsuit arising out of Plaintiff Gary Minor's ("Plaintiff") former employment with FedEx Office. A full recitation of the facts of this case and Plaintiff's litigation history is set forth in the Court's order dismissing Plaintiff's First Amended Complaint. *See Minor v. Fedex Office & Print Servs., Inc. ("Minor II")*, — F. Supp. 3d —, 2016 WL 1623760 (N.D. Cal. Apr. 25, 2016), ECF No. 72. Therefore, the facts and procedural history

1

Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

are recounted here only to the extent necessary.

### A. 2009 Class Action Suit and Settlement Agreement

In 2009, Plaintiff was a Class Representative in a wage-and-hour class action against FedEx Office before Judge Thelton E. Henderson of this Court (the "2009 Class Action"). *See Minor et al. v. FedEx Office & Print Servs. Inc.*, No. 09-1375 (N.D. Cal.). In that case, the Class claimed that FedEx Office failed to pay overtime wages, provide meal periods, pay a minimum wage, keep accurate records, and indemnify employees' expenses, among other allegations. *See* ECF No. 34-7 (Second Amended Class Action Complaint). Plaintiff and the putative class were represented by at least nine attorneys. *See Minor v. FedEx Office & Print Servs., Inc. ("Minor I")*, 78 F. Supp. 3d 1021, 1032 (N.D. Cal. 2015), ECF No. 34-19.

The parties settled the 2009 Class Action in November 2012. *See* ECF No. 53 ("Settlement Agreement"). Judge Henderson gave final approval to the Settlement Agreement in July 2013. ECF No. 27 (First Amended Complaint), E-1 to -6. As part of the settlement, Plaintiff, as a Class Representative, received $5,000 in exchange for a limited release of claims against FedEx Office. The limited release provision released all of Plaintiff's claims except for five complaints already filed with California's Department of Fair Employment and Housing ("DFEH"). *See* Settlement Agreement § 2.13.

### B. 2013 Federal Lawsuit: *Minor I*

On February 8, 2013, Plaintiff, represented by counsel, filed a lawsuit in Santa Clara County Superior Court against Federal Express Corporation ("Express") and several Doe defendants. *See* ECF No. 34-12; ECF No. 39-4. In February 2014, Plaintiff substituted FedEx Office and FedEx Corporation for two Does as Defendants. ECF No. 34-15. On March 6, 2014, Plaintiff voluntarily dismissed Express without prejudice. ECF No. 34-16. On March 10, 2014, FedEx Office removed the case to federal court. *See* ECF No. 39-7.

The case, *Minor I*, arose from Plaintiff's February 2011 termination from FedEx Office and related events. Plaintiff asserted claims for (1) discrimination on the basis of disability in violation of California's Fair Employment and Housing Act ("FEHA") § 12946; (2) failure to

2

1   make reasonable accommodations in violation of FEHA § 12940(m); (3) failure to protect from

2   discrimination in violation of FEHA § 12940(k); (4) retaliation in violation of FEHA § 12940(h);

3   (5) failure to grant leave under the California Family Rights Act, FEHA § 12945.2; and (6)

4   wrongful termination in violation of public policy.  ECF No. 39-8 ("*Minor I* Compl.").

5           On August 11, 2014, this Court granted FedEx Office's motion for judgment on the

6   pleadings with leave to amend.  ECF No. 34-17.  First, the Court found that Plaintiff failed to

7   allege that he filed an administrative complaint after Plaintiff was terminated even though

8   Plaintiff's FEHA claims all stemmed from his February 2011 termination.  Accordingly, the Court

9   determined that Plaintiff failed to allege exhaustion of administrative remedies as required by

10  FEHA § 12960, and dismissed Plaintiff's five FEHA claims with leave to amend.  *Id.* at 7–9.

11  Second, the Court concluded that the Settlement Agreement in the 2009 Class Action prohibited

12  tort claims against FedEx Office and therefore facially barred Plaintiff's wrongful termination

13  claim.  *Id.* at 9–10.  However, the Court granted Plaintiff leave to amend to allege that FedEx

14  Office obtained Plaintiff's consent to the Settlement Agreement by fraud, deception, and/or

15  misrepresentation.  *Id.* at 11.  The Court also ordered Plaintiff not to add new causes of action or

16  parties without leave of the Court or stipulation of the parties.  *Id.* at 12.

17          On September 11, 2014, Plaintiff, still represented by counsel, filed a third amended

18  complaint reasserting Plaintiff's FEHA and wrongful termination claims against FedEx Office.

19  *Minor I* Compl.  On January 16, 2015, the Court granted FedEx Office's motion to dismiss with

20  prejudice.  *Minor I*, 78 F. Supp. 3d 1021.  As to Plaintiff's five FEHA causes of action against

21  FedEx Office, the Court held that Plaintiff again failed to allege that Plaintiff exhausted his

22  administrative remedies.  *Id.* at 1030–33.  Specifically, although Plaintiff's third amended

23  complaint alleged that he filed an administrative complaint after his termination from FedEx

24  Office, Plaintiff admitted in opposition to the motion to dismiss that this was not true.  The Court

25  noted "its disappointment that [Plaintiff] chose to misrepresent a material fact—[Plaintiff's]

26  exhaustion of administrative remedies—in his operative Complaint."  *Id.* at 1031.

27          As to Plaintiff's wrongful termination claim against FedEx Office, the Court held that

28  
3
Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

Plaintiff failed to allege facts to show that FedEx Office obtained Plaintiff's consent to the release provision by fraud, deception, or misrepresentation. *Id.* at 1033–35. Thus, the Court dismissed Plaintiff's wrongful termination claim on the grounds that the claim was barred by the Settlement Agreement. *Id.* Because Plaintiff failed to cure the deficiencies identified in the Court's prior order, the Court dismissed Plaintiff's third amended complaint with prejudice. *Id.* at 1035. On February 3, 2015, the Court entered judgment against Plaintiff.

### C. Instant Lawsuit: *Minor II*

On December 29, 2015, Plaintiff filed this action pro se against Defendants FedEx Office, Freitas, Express, and Gallagher Bassett Services, Inc. ("Gallagher") in Santa Clara County Superior Court. ECF Nos. 6, 6-1. On February 1, 2016, FedEx Office removed the case to federal court. ECF No. 1.

On March 1, 2016, Plaintiff filed a First Amended Complaint alleging five causes of action against FedEx Office and Express: (1) discrimination on the basis of disability in violation of FEHA § 12946 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*; (2) failure to take reasonable steps to prevent discrimination in violation of FEHA § 12940(k) and the ADA; (3) retaliation in violation of FEHA § 12940(h) and the ADA; (4) failure to grant leave in violation of FEHA § 12945.2 and the ADA; and (5) wrongful termination in violation of public policy. ECF No. 27. In addition, Plaintiff alleged two causes of action against all four Defendants: (1) failure to make reasonable accommodations in violation of FEHA § 12940(m) and the ADA; and (2) whistleblower retaliation in violation of California Labor Code § 1102.5.[1]

On April 25, 2016, the Court dismissed all claims against FedEx Office and Express with prejudice on the grounds that the claims were barred by res judicata. *Minor II*, 2016 WL 1623760, at *9–12. In addition, the Court dismissed with prejudice Plaintiff's claim against Freitas for

---

[1] In the motion for attorney's fees and supporting declaration, FedEx Office and Freitas repeatedly refer to the First Amended Complaint as untimely. However, on March 18, 2016, this Court expressly found that the First Amended Complaint was timely filed. ECF No. 41. FedEx Office and Freitas did not move for reconsideration of that finding, and makes no argument in the instant motion that the Court's conclusion was incorrect.

4
Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

failure to accommodate because (1) Plaintiff failed to allege exhaustion of administrative remedies; (2) Plaintiff failed to allege that Freitas was Plaintiff's employer; and (3) Freitas could not be held individually liable under the ADA or the FEHA. *Id.* at *12–18. However, the Court dismissed with leave to amend Plaintiff's claim against Gallagher for failure to accommodate, as well as Plaintiff's claims against Gallagher and Freitas under California Labor Code § 1102.5. *Id.* at *12–20. Thus, the Court permitted Plaintiff to file a Second Amended Complaint alleging three claims: (1) failure to accommodate against Gallagher; (2) violation of California Labor Code § 1102.5 against Gallagher; and (3) violation of California Labor Code § 1102.5 against Freitas.

On May 4, 2016, Freitas filed a motion for reconsideration and asked the Court to dismiss Plaintiff's California Labor Code § 1102.5 claim with prejudice. ECF No. 73. On May 10, 2016, Plaintiff voluntarily dismissed the lawsuit without prejudice. ECF No. 76. In light of the dismissal, the Court denied Freitas's motion for reconsideration as moot. ECF No. 77. That same day, the Court entered judgment for FedEx Office and Express. ECF No. 79.

FedEx Office and Freitas filed the instant motion for attorney's fees on May 24, 2016. ECF No. 86 ("Mot."). Plaintiff opposed the motion on June 8, 2016, one day past the 14-day deadline imposed by Civil Local Rule 7-3(a). ECF No. 87 ("Opp.").[2] FedEx Office and Freitas replied on June 14, 2016, and objected to Plaintiff's untimely opposition. ECF No. 89 ("Reply").

Plaintiff did not seek leave to file an untimely opposition, nor did he otherwise identify any good cause for the delay. Nonetheless, the Court declines to strike Plaintiff's opposition. First, the Court recognizes that Plaintiff is "representing himself pro se, which entitles him to a certain degree of leniency so as to ensure that his case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible." *Peinado v. City & Cty. of S.F.*, 2013 WL

---

[2] On May 11, 2016, FedEx Office and Freitas filed bills of costs requesting a combined total of $938.48. ECF No. 81 (Freitas Bill of Costs); ECF No. 82 (FedEx Office Bill of Costs). Plaintiff's opposition to the instant motion disputes certain costs requested by FedEx Office and Freitas. The Court need not address Plaintiff's costs objections in the instant order, as the clerk taxed costs in the amount of $400.00 against Plaintiff on July 27, 2016. ECF Nos. 90, 91. No party sought review of the clerk's taxation of costs, and the time to do so has passed. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.").

5
Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

1   163473, at *5 (N.D. Cal. Jan. 15, 2013) (internal quotation marks omitted).  Further, the Court

2   finds that FedEx Office and Freitas are not prejudiced by the Court's consideration of Plaintiff's

3   day-late opposition, as FedEx Office and Freitas were able to file a reply that substantively

4   addressed Plaintiff's opposition.

5   On August 5, 2016, the Court noted that "Defendants do not provide billing records in

6   support of their motion for attorney's fees, or specifically explain how much time was spent on

7   each task," and ordered Defendants to provide billing records.  ECF No. 93.  On August 9, 2016,

8   the Court granted FedEx Office's and Freitas's request to provide unredacted billing records for *in

9   camera* review, and to publicly file redacted billing records.  ECF No. 95.  The next day, FedEx

10  Office and Freitas provided unredacted billing records to the Court, and publicly filed redacted

11  billing records.  ECF No. 96.  Plaintiff filed a supplemental opposition to the billing records on

12  August 16, 2016.  ECF No. 97 ("Supp. Opp.").

## II. LEGAL STANDARD

FedEx Office and Freitas seek attorney's fees pursuant to the ADA and the FEHA.  Under both statutes, a district court has "discretion" to award reasonable attorney's fees and costs to a "prevailing party."  42 U.S.C. § 12205; FEHA § 12965(b).  A prevailing party is one who "achieve[s] a material alteration of the legal relationship of the parties" that is "judicially sanctioned."  *Jankey v. Poop Deck*, 537 F.3d 1122, 1129–30 (9th Cir. 2008) (internal quotation marks omitted).  "[W]hile prevailing plaintiffs regularly recover their fees, 'policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.'"  *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978)).  Accordingly, "fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."  *Id.* (applying *Christiansburg*'s standard for awarding fees under Title VII to awards of attorney's fees under the ADA); *see also Thornton v. Consumer Affairs*, 232 F.3d 896, *2 (9th Cir. 2000) (per curiam) (same standard applies for awarding fees under the FEHA).

6
Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

The calculation of a reasonable fee award is a two-step process. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, a court begins by calculating the "lodestar figure," or presumptive award, by multiplying the hours reasonably spent on the litigation by the attorney's reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court may enhance or reduce the lodestar figure based on the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), that were not subsumed in the initial lodestar determination. *Fischer,* 214 F.3d at 1119. "A strong presumption exists that the lodestar figure represents a reasonable fee, and therefore, it should only be enhanced or reduced in rare and exceptional cases." *Id.* at 1119 n.4 (internal quotation marks omitted).

### III. DISCUSSION

It is undisputed that FedEx Office and Freitas are the prevailing parties in this matter, as is required to obtain an award of attorney's fees under the ADA and the FEHA. Specifically, FedEx Office and Freitas prevailed on all ADA and FEHA claims, which were dismissed with prejudice. Because FedEx Office and Freitas are prevailing defendants, the Court must determine that "the plaintiff's action was frivolous, unreasonable, or without foundation" in order to award attorney's fees. *Kohler*, 780 F.3d at 1266.

The Court applies the "frivolous, unreasonable, or without foundation" standard "with particular strictness" in cases, such as this one, in which the plaintiff proceeds pro se. *Smith v. Contra Costa Cty.*, 911 F.2d 738, *2 (9th Cir. 1990) (citing *Miller v. L.A. Cty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987)). Thus, "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir. 1999)). The Ninth Circuit has identified three factors relevant to the appropriateness of fee awards against pro se civil rights plaintiffs: (1) whether the court was able to conclude that the action should be dismissed prior to trial; (2) whether the plaintiff was able to recognize the merits of his claims; and (3) whether the plaintiff acted in bad faith. *Miller*, 827 F.2d at 620. The Court addresses these three factors in turn.

The first factor favors granting fees when an action is dismissed before trial, as an early

7
Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

dismissal suggests that the case's lack of merit is apparent from the pleadings. *Smith*, 911 F.2d at *2 (finding that the first factor favored attorney's fees when the case was dismissed under Federal Rule of Civil Procedure 12(b)(6)); *see also Miller*, 827 F.2d at 620 ("A court should be particularly chary about awarding attorney's fees where the court is unable to conclude that the action may be dismissed without proceeding to trial."). In the instant case, the first factor weighs in FedEx Office's and Freitas's favor, as Plaintiff's ADA and FEHA claims were dismissed with prejudice on a motion to dismiss before trial. *See Smith*, 911 F.2d at *2. The Court notes, however, that this early dismissal limited the burden of litigating this case on FedEx Office and Freitas. *See* ECF No. 62 (staying discovery until after the motion to dismiss ruling).

The second factor supports an award of fees when it is "appropriate to hold the plaintiff responsible for knowing that [a] claim is groundless." *Miller*, 827 F.2d at 620; *see also Douglas v. Sacramento Cty.*, 2011 WL 5526336, at *3 (E.D. Cal. Nov. 14, 2011) (declining to award fees when plaintiff was not "aware of the defects in his claims"). Thus, "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant." *Miller*, 827 F.2d at 620. However, prior rejections of a plaintiff's complaint, without a frivolous finding, do not support an award of fees. *Id.* By way of example, the Ninth Circuit in *Miller* reversed an award of fees against a pro se plaintiff when the plaintiff's claims had been previously rejected by the EEOC, DFEH, and the California Labor Commission, because "it is unclear whether [the plaintiff's] initial claims were found to be frivolous by these agencies." *Id.* This heightened standard for frivolousness reflects the fact that "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Id.*

In the instant case, the second factor weighs against granting attorney's fees because the Court finds that that Plaintiff was unable to recognize the merits (or lack thereof) of his claims. The Court first addresses Plaintiff's ability to recognize the merits of his claims against FedEx Office, then Freitas.

Plaintiff's ADA and FEHA claims against FedEx Office were clearly barred by the

doctrine of res judicata. *Minor II*, 2016 WL 1623760, at *9–12. However, as the Sixth and Eighth Circuits have explained, "pro se status is particularly relevant in cases . . . in which the defendant prevails on grounds, such as res judicata, that involve procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." *Chester v. St. Louis Housing Auth.*, 873 F.2d 207, 209 (8th Cir. 1989); *Duncan v. Vill. of Middlefield*, 27 F.3d 566 (6th Cir. 1994). Thus, "most courts that have addressed the issue have concluded dismissal based on the doctrine of claim preclusion or *res judicata* is not a proper basis for an award of attorneys' fees." *Gleason v. Gilmour*, 2011 WL 1458012, at *2 (D. Or. Apr. 12, 2011) (discussing attorney's fees awards under 42 U.S.C. § 1988, which is governed by the same *Christiansburg* standard applied to attorney's fees under the ADA and the FEHA) (citing, e.g., *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 755 (6th Cir. 2002) (district court abused its discretion when it awarded attorney's fees under § 1988 because the issue of claim preclusion was not so "clear cut" as to render the plaintiff's action frivolous); *Cascella v. Canaveral Port Dist.*, 2006 WL 66719, at *5 (M.D. Fla. Jan. 10, 2006) ("Awarding attorneys' fees on the basis of the fact that the suit was dismissed based largely on the application of res judicata would be an incorrect application of the legal standard on frivolous suits under 42 U.S.C. § 1988.")). Indeed, FedEx Office and Freitas cite no case in which a court found that a case dismissed on the basis of res judicata was frivolous for purposes of awarding attorney's fees against a pro se plaintiff. Accordingly, the Court declines to find Plaintiff's claims against FedEx Office to be frivolous.

This conclusion is supported by the fact that the claims asserted by Plaintiff against FedEx Office in the instant case were not identical to the claims asserted in *Minor I*. In the instant case, Plaintiff asserted claims under the ADA, which was not a cause of action asserted in *Minor I*. Although Plaintiff's ADA claims in the instant case were based on the same nucleus of facts as the FEHA claims addressed in *Minor I*—and thus barred by res judicata—"pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Miller*, 827 F.2d at 620.

In *Minor I*, the Court did not rule on whether any disability discrimination, retaliation, or

9
Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

failure to accommodate occurred. Rather, the Court dismissed Plaintiff's FEHA claims based entirely on Plaintiff's failure to exhaust administrative remedies. When bringing the instant case, Plaintiff may have believed that Plaintiff had viable, exhausted ADA claims because the Court had not ruled on the merits of disability discrimination, and the ADA and the FEHA have different exhaustion requirements. *Compare* FEHA § 12960 (exhaustion under the FEHA requires filing a complaint with the DFEH within one year of the date of the alleged unlawful practice); 42 U.S.C. § 2000e-5(e)–(f) (exhaustion under the ADA occurs when the plaintiff files a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days from the date upon which the alleged unlawful practice occurred, with the deadline extended if a plaintiff originally instituted proceedings with a state or local agency). Moreover, the First Amended Complaint indicates that Plaintiff filed complaints with both the EEOC and the DFEH. *See* ECF No. 27 at 3–4, E-30, E-49. Because Plaintiff's ADA claims were barred by res judicata, the Court had no occasion to determine whether these complaints exhausted Plaintiff's administrative remedies. Accordingly, the Court can not say that Plaintiff's ADA claims were frivolous on the merits. Given Plaintiff's pro se status, the Court can not find that Plaintiff recognized, or should have recognized, that Plaintiff's ADA claims were barred by the *Minor I* ruling. *See Miller*, 827 F.2d at 620 (court must analyze whether plaintiff could recognize the merits of his claims); *Deer v. Lear Seigler Servs., URS*, 2012 WL 5464284, at *1 (D. Haw. Oct. 23, 2012) (declining to award attorney's fees when "Defendant has not shown that Plaintiff knew her claims were frivolous").

Similarly, the Court can not conclude that Plaintiff recognized or should have recognized the lack of merit of Plaintiff's joint ADA/FEHA claim against Freitas. Freitas was not a defendant in *Minor I*. Although Plaintiff's ADA/FEHA claim against Freitas in the instant case suffered from the same deficiencies as Plaintiff's claims in *Minor I*—lack of administrative exhaustion— the Court did not find that it would necessarily be futile for Plaintiff to allege exhaustion. Indeed, the Court explicitly stated that "[i]f exhaustion of administrative remedies was the only issue before the Court, the Court would grant leave to amend." *Minor II*, 2016 WL 1623760, at *17. However, the Court concluded that Freitas could not be held individually liable for failure to

10

accommodate under the ADA or the FEHA, and thus dismissed this claim against Freitas with prejudice based on legal futility.

In addition, when addressing Freitas's individual liability for Plaintiff's failure to accommodate claim, the Court noted that "California courts have not ruled specifically on the availability of individual liability under FEHA § 12940(m)." *Id.* at *15. When a question is not "answered clearly by . . . precedent," the claim is not frivolous. *Gibson v. Office of Att'y Gen., State of Cal.*, 561 F.3d 920, 929 (9th Cir. 2009). Thus, although the Court dismissed Plaintiff's ADA/FEHA claim against Freitas, the Court does not find that Plaintiff should have recognized the claim's lack of merit. *See Kohler*, 780 F.3d at 1267 (stating that the Court "should not engage in post hoc reasoning, awarding fees simply because a plaintiff did not ultimately prevail" (internal quotation marks omitted)).

The rare cases in which the Ninth Circuit has upheld an award of attorney's fees against a pro se plaintiff are distinguishable from the instant case. *See Saman*, 173 F.3d at 1157 (noting "exceptional circumstances" are required to award fees to a prevailing defendant). For example, in *Kulas v. Arizona*, 156 F. App'x 29 (9th Cir. 2005), the Ninth Circuit affirmed an award of attorney's fees under the ADA against a pro se plaintiff when the plaintiff "has represented himself in approximately 19 lawsuits filed in the District of Arizona alone . . . [and] has represented himself before the Ninth Circuit more than 20 times, with some success." The Ninth Circuit concluded that, under such circumstances, the district court did not abuse its discretion in determining that the plaintiff "should be able to recognize the merits, or lack thereof, of his claims." Further, the plaintiff had filed the lawsuit "within one month of nearly identical state court claims and a separate, nearly identical federal lawsuit." *Id.* at 31.

Here, by contrast, Plaintiff has brought two prior lawsuits against FedEx Office, and was represented by counsel both times. One of those lawsuits was based on completely different, wage-and-hour allegations and resulted in a court-approved class action settlement. In addition, although FedEx Office and Freitas highlight multiple complaints filed by Plaintiff before state agencies, there is no indication in the record that those state agencies found Plaintiff's complaints

1  to be frivolous. Thus, Plaintiff is not comparable to the more experienced plaintiff in *Kulas*.

2  In addition, the case cited by FedEx Office and Freitas, *Jersey v. John Muir Med. Ctr.*, 97
3  Cal. App. 4th 814, 832 (2002), does not support an award of attorney's fees. In *Jersey*, the
4  California Court of Appeal *reversed* an award of fees under the FEHA to a prevailing defendant.
5  The California Court of Appeal first stated that fees should not have been awarded solely on the
6  basis that the trial court granted summary judgment against the plaintiff. *Id.* at 831. Next, the
7  California Court of Appeal held that "[w]hether plaintiff's claim was so groundless as to warrant
8  attorney fees against her must be evaluated with respect to her entire complaint," and found that
9  the plaintiff's action was not frivolous even though one claim lacked merit. *Id.* Finally, the Court
10 noted that "at no time did plaintiff distort the facts or continuously seek to avoid adverse legal
11 rulings by intentionally submitting renewed motions which disguised the subject matter of
12 previously denied motions," which would have supported a frivolity finding. *Id.* at 831–32
13 (internal quotation marks omitted). In the instant case, as discussed above, the Court concludes
14 that Plaintiff's case is not frivolous so as to justify an award of attorney's fees. Moreover,
15 Plaintiff did not distort the facts or attempt to disguise the subject matter of previous motions or
16 *Minor I*. In fact, although the Court granted Plaintiff leave to amend three claims, Plaintiff
17 voluntarily dismissed those claims. Thus, *Jersey* does not persuade this Court that an award of
18 fees is warranted.

19 In sum, the Court concludes that the second factor weighs against an award of attorney's
20 fees in this case. Plaintiff added claims and a new defendant to the instant action that were not in
21 *Minor I*, and the Court dismissed the instant case based primarily on res judicata, a procedural
22 doctrine of which Plaintiff, a pro se litigant, was likely not aware.

23 However, the Court cautions Plaintiff that additional claims against FedEx Office and
24 Freitas based on the allegations of the instant case, including Plaintiff's termination from FedEx
25 Office, will be barred by res judicata. Plaintiff is now aware of the scope of the doctrine,
26 including that res judicata bars claims that *could have been* raised in an earlier action even if those
27 claims were not actually raised. *See Minor II*, 2016 WL 1623760, at *9–12 (explaining res

28

12
Case No. 16-CV-00532-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

judicata). Thus, an award of attorney's fees may be well justified if Plaintiff brings another lawsuit against FedEx Office or Freitas based on the same allegations asserted in the instant case.

Next, the Court considers the third factor, bad faith. A plaintiff's bad faith supports an award of attorney's fees. *Miller*, 827 F.2d at 620. To show bad faith, FedEx Office and Freitas state that (1) Plaintiff misrepresented a material fact in *Minor I* related to the exhaustion of Plaintiff's administrative remedies, and (2) Plaintiff did not want to relate the instant case to *Minor I*. The Court finds that FedEx Office and Freitas have not carried their burden to show that either of these instances amounts to bad faith. As to the material misrepresentation in *Minor I*, Plaintiff was represented by counsel, who made the misrepresentation. The Court is not aware of any similar misrepresentations by Plaintiff in the instant case. The Court does not find that a misrepresentation made by Plaintiff's former counsel in another case demonstrates that Plaintiff litigated the instant case in bad faith.

As to the relation of the instant case to *Minor I*, according to defense counsel, "Plaintiff told me specifically that he would not agree to move the case to Judge Koh because she would simply dismiss his case again." ECF No. 86-1, Decl. of Gregory C. Cheng. Defense counsel provides no additional context. Given the lack of information about Plaintiff's statement, the Court can not conclude that Plaintiff believed his case lacked merit, as opposed to, for example, that Plaintiff preferred a different judge after the dismissal of *Minor I*. Thus, the Court concludes that FedEx Office and Freitas have not shown that Plaintiff litigated the instant case in bad faith.

In addition to considering the above three factors, the Ninth Circuit instructs courts to "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." *Miller*, 827 F.2d at 621; *see also Kulas*, 156 F. App'x at 31 (discussing "financial ruin" in ADA case). If an award of fees would unduly burden a civil rights plaintiff, a court may decline to award fees or reduce the amount of fees awarded. *See Champlain v. City of Folsom*, 2006 WL 449120 (E.D. Cal. Feb. 23, 2006) (noting that the financial burden on a civil rights plaintiff "alone cannot justify the denial of fees," but may support denial of fees); *Ramirez v. Parker*, 2015 WL 6163532, at *1–2 (D. Or. Oct.

13

20, 2015) (reducing the amount of fees awarded in light of plaintiff's financial hardship).

In Plaintiff's filings, Plaintiff failed to provide any information under penalty of perjury regarding his financial situation. In Plaintiff's supplemental opposition to the instant motion, Plaintiff asserts that he survives on "$1735/month for rent, food, transportation and expenses to take care of [Plaintiff's] mother who suffers from dementia." Supp. Opp. at 4; *see also* Opp. at 3 (asserting that Plaintiff has "limited financial resources"). Plaintiff also asserts that he is "on social security disability since plaintiff can [no] longer hold a [sic] full time employment." Opp. at 5. Because the Court declines to award attorney's fees based on the three factors, the Court need not inquire further into Plaintiff's financial condition.

Weighing the three factors, the Court concludes that FedEx Office and Freitas have not established the exceptional circumstances necessary to award attorney's fees against a pro se plaintiff under the ADA or the FEHA. Although the early dismissal of the instant case favors an award of fees, Plaintiff's inability to recognize his claims' lack of merit and his lack of proven bad faith weigh against an award of fees. Accordingly, in its discretion, the Court DENIES FedEx Office's and Freitas's motion for attorney's fees.

However, the Court cautions Plaintiff that a different result may be well warranted if Plaintiff files another lawsuit based on the allegations in the instant case. After *Minor I* and the instant case, Plaintiff is on notice of the requirements of exhaustion under the ADA and the FEHA, and that individuals may not be held liable for failure to accommodate under the ADA or the FEHA. Further, Plaintiff now knows that res judicata bars claims that were raised, or could have been raised, in the instant case and *Minor I*. Thus, another lawsuit based on the allegations of the instant case suggests that Plaintiff is knowingly and in bad faith bringing a meritless case. Such a finding would support an award of attorney's fees in that lawsuit, even if Plaintiff were to proceed pro se.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES FedEx Office's and Freitas's motion for attorney's fees.

**IT IS SO ORDERED.**

Dated: August 25, 2016

_____
LUCY H. KOH
United States District Judge